EUGENIUS WILHELM, APPELLEE, v. B. J. RUSSELL, APPELLANT.

1. **Taxes:** PERSONALTY LIABLE FOR. In 1877 W. filed a petition in the district court praying for the cancellation of certain tax certificates, and alleging "that the plaintiff has the legal title, and is in peaceable possession," etc., of certain real estate. The tax was levied in 1873, and a sale took place in 1875, while W. was in possession and had an abundance of personal property in the county to satisfy the tax. On the trial, testimony was introduced showing W. to have been the owner and in possession of the land for a number of years prior to 1873. *Held,* that the petition stated facts sufficient after judgment to sustain the same.

2. ————: PERSONALTY MUST BE FIRST RESORTED TO. The statute makes it the duty of the county treasurer to collect the delinquent taxes as far as possible out of personal property, and the land itself can only be resorted to when the personal property is exhausted. The law imposes this duty on the treasurer, and he cannot evade it. A sale of the land for taxes, while there is sufficient personal property of the delinquent in the county out of which to make the tax, is absolutely void.

This was an appeal from the district court of Otoe county. The facts appear in the opinion.

*R. B. Kiddoo,* for appellant, citing the case of *Peet v. O'Brien,* 5 Neb., 360, contended that the fact of ownership of personal property at the time the tax became delinquent must be pleaded, and that it had not been pleaded in this case. The plaintiff must allege some fact or facts which, if admitted by demurrer or otherwise, would justify the court in decreeing the sale void. But the allegation that the plaintiff is the owner of the land, and that at the time the taxes be-

NOTE. By act of 1877, Laws 1877, p. 43, section 50 of the revenue act of 1869 was amended by leaving out the provision requiring the county treasurer to levy on personal property for the satisfaction of taxes due on real estate.—REP.

came delinquent, and at the time of sale and ever since, plaintiff had personal property out of which the taxes could have been made, would not be sufficient, if admitted, to justify decreeing the sale void, for the very simple and obvious reason that unless the plaintiff was the owner of the land at the time the taxes were assessed and levied, and at the time they became delinquent, the treasurer was not legally bound, nor was it his duty to make the taxes out of the personal property of the plaintiff.   Section 50 of the revenue law, General Statutes, 916, requires the treasurer to make the tax by distress and sale of the personal property of the delinquent, and no one can be a delinquent as to taxes on land unless he is under legal obligation to pay such taxes, resulting from ownership at the time the tax is assessed and becomes delinquent.   The allegation that the plaintiff owned the land at the time that the taxes were made a charge thereon, and at the time they became delinquent, is just as essential as the allegation that he had personal property in the county, out of which the taxes could have been made.   The one can no more be dispensed with than the other.   A decree should therefore be rendered declaring the tax sale legal and valid, for the reason that the only ground upon which the plaintiff relies, and upon which he has offered evidence, is insufficiently alleged.

*J. C. Watson*, for appellee.

MAXWELL, CH. J.

The plaintiff is the owner and in possession of the north half of section 25, in township 8, range 13, in Otoe county.   On the sixteenth day of November, 1875, the land in question was sold by the treasurer of Otoe county to the defendant for the taxes of 1873, and certificates of purchase issued to said purchaser.

In August, 1877, the plaintiff commenced this action in the district court of Otoe county, praying that said tax certificates may be declared null and void, etc.

The defendant filed a cross petition alleging that he purchased said lands for the delinquent taxes of 1873, amounting to the sum of $288.18, and that he paid the taxes due thereon for the year 1874, amounting to the sum of $144.34, and also for the year 1875, amounting to the sum of $138.00. The defendant prays for a decree, declaring said tax sale legal and valid, but in case the court is of the opinion that said sale is invalid that he may be adjudged to have a lien upon said land for said taxes, etc. A decree was rendered in the court below in favor of the plaintiff, but refusing the defendant any relief. The defendant appeals to this court.

The principal questions involved in this case have already been determined in the case of *Pettit v. Black, ante page* 52, and it is unnecessary to review them here. The petition alleges that the plaintiff has the legal title, and is in the peaceable possession, etc., there being no allegation that the plaintiff was the owner and in possession of said land at the time the same was assessed and the taxes were levied. Deeds, however, were introduced by the plaintiff showing title in him since 1864–5. The only objection made by the defendant being that such deeds were "irrelevant and immaterial." The plaintiff also testified, without objection, that he had been in actual possession of the land for seven or eight years.

This court has decided in a number of instances that objections to testimony must be specifically pointed out, otherwise if the testimony is admissible for any purpose, the objection will be unavailing. *Morgan v. Larsh,* 1 Neb. 363; *Pyle v. Warren,* 2 Id., 248; *Tecumseh Town Site Case,* 3 Id., 279; *Michel v. Ware,* 3 Id., 235; *Horbach v. Miller,* 4 Id., 48.

The defect in the petition is one of form merely, and not of substance, and the petition is sufficient to sustain the judgment.

It clearly appears that at the time these taxes were assessed and levied and became delinquent, Wilhelm had several thousand dollars in personal property in Otoe county, and that no attempt was made to collect these taxes. Section 50 of the revenue law requires the treasurer to proceed as soon after the first of May as practicable, and make the delinquent tax out of the personal property of the delinquent, if such property can be found; and this provision shall apply to taxes assessed on real estate, and remaining unpaid, as to delinquent taxes assessed on personal property. [Gen. Stat., 916.]

As is said in *Johnson v. Hahn*, 4 Neb. 147, "the express purpose of the statute is, and it seems to be the universal rule of law, unless changed by positive statutes, that if coercive measures become necessary, they shall in the first instance be directed to the personal property, and the real estate on which the tax is imposed shall not be resorted to until the personal property is first exhausted."

This rule is clearly applicable in this case. The law imposes a duty upon the treasurer which he cannot evade. He must collect the tax out of the personal property of the delinquent if a sufficient amount can be found in the county. As the treasurer entirely failed in this case in the performance of his duty in that regard, the sale of the land is absolutely void; but as the property seems to have been properly assessed, and the taxes legally imposed, the appellant is entitled to be subrogated to the rights of the county in the taxes in question. The case will therefore be referred to the clerk of the district court to ascertain the actual amount paid by the appellant in the payment of said

taxes, together with the actual amount of interest due thereon at twelve per cent, and report the same to the court within sixty days, the plaintiff to pay said taxes and interest within six months from this date, or that said premises or such portion as may be necessary, be sold to pay the same. The costs to be paid by the plaintiff and defendant in equal portions. The cause is remanded, with instructions to the district court to enter a decree in conformity with this opinion.

REVERSED AND REMANDED.