CATHARINE REED, APPELLEE, v. SELDEN N. MER-
RIAM, APPELLANT.

1. **Taxes:** TAX DEED. The revenue law of 1869 provided that after the expiration of two years from the date of purchase, where lands were not redeemed, the treasurer *on production of the certificate of purchase* should execute a tax deed, etc.; and this certificate was to be canceled, and filed with the county clerk. *Held,* That the production of the certificate was a condition precedent to the authority of the treasurer to execute a deed, and that he had no power afterwards to execute deeds to correct errors in former tax deeds.

2. ———: ———: SEAL: The revenue law of 1879 requires the treasurer to attest the execution of a tax deed by his *seal.* *Held,* That a tax deed to be valid must be so attested.

3. ———: LIEN OF PURCHASER. Where a sale of land for taxes is invalid under the revenue law of 1869, the tax purchaser may enforce the tax lien for the amount of the taxes, and 12 per cent interest thereon.

APPEAL from Cass county. Heard below before POUND, J.

*Covell & Ransom,* for appellant.

*Chapman & Beeson,* for appellee.

MAXWELL, J.

This is an action brought by the plaintiff against the defendant in the district court of Cass county, to have certain tax deeds of the defendant declared null and void, and to quiet the title of the plaintiff in the real estate described in the petition. Issues were joined and a trial had, in which the court found that the tax deeds in question were null and void, and a decree was entered setting them aside but allowing the defendant a lien on the lands in controversy for the taxes paid, with 12 per cent interest. The defendant appeals to this court.

It appears from the record that the defendant purchased the lands in controversy in 1871 for the taxes due thereon in 1870.   In 1873 he presented his certificate of purchase of said lands to the treasurer of Cass county for a tax deed, which he received and had recorded.   This deed being so defective that it did not convey the title, the defendant, in March, 1874, applied to a subsequent treasurer of said county for a second deed to cure the defects in the first. A second deed was thereupon made by the then treasurer of said county, in which it is recited that it is made to cover omissions in the first.   Neither of these deeds is attested by the county clerk *with the county seal,* and were invalid under the rule laid down in *Sutton v. Stone,* 4 Neb., 319.

In July, 1878, the defendant again applied to the then treasurer of Cass county for another deed for said lands, to correct former deeds, and a third deed was thereupon executed, which was duly attested by the county clerk with the county seal.   Under this deed, which was recorded soon after its execution, the defendant claims the land in question.

Sec. 67 of the revenue law of 1869 provides that, "if no person shall redeem such lands within two years, at any time after the expiration thereof and on production of the *certificate of purchase,* the treasurer of the county in which the sale of such land took place shall execute to the purchaser, his heirs, or assigns, in the name of the state, a conveyance of the real estate so sold, subject, however, to all the claims which the state may have thereon for taxes, or other liens, or incumbrances."

Sec. 70 provides : "*When* conveyances are delivered for lands sold for taxes the certificate thereof *shall be canceled* and filed away by the county clerk," etc.   Gen. Stat., 923, 924.

The deed executed in 1878 shows on its face that no certificate was presented by the defendant to the treasurer for the purchase of said lands, but that the deed was exe-

cuted and recited therein to correct errors and omissions in former deeds.

The design of the revenue law of 1869 was, that at the expiration of two years from the date of purchase the holder of the certificate could present the same to the treasurer of the county and obtain a tax deed for the lands described therein which had not been redeemed. The certificate was then canceled and filed with the county clerk. Unless the certificate of purchase was presented to the county treasurer he had no authority whatever to execute a deed. This was a condition precedent to his right to exercise that authority; in other words, the law makes the return of the certificate the evidence upon which the treasurer has authority to act. There is no power to accept secondary evidence in lieu of the certificate, nor to execute deeds to *correct errors* in former deeds. The second and third deeds, therefore, being made without authority are null and void, and it being conceded that the first is invalid, the title to the real estate in question did not pass to the appellant.

The appellant also purchased the land in controversy for the taxes of 1879, and received a treasurer's deed therefor in November, 1881. This deed was duly signed by the treasurer of Cass county, but is not attested by his *seal*, as required by section 127 of the revenue law of 1879. Comp. Stat., ch. 77.

Whatever may have been the object of the legislature in requiring the treasurer to attest the execution of a tax deed by his seal, the provision is one that cannot be dispensed with, and the want of a seal is no valid excuse. A treasurer acts under a naked statutory power in executing a tax deed, and unless he comply with the provisions of the statute the deed will be void.

The tax deed being void, the statute gives the purchaser a lien upon the land for the taxes paid and interest thereon. This the defendant is entitled to. The question of the rate of interest allowed the tax purchaser has been before the

court in several cases, and the invariable holding has been that where the sale was invalid the purchaser acquired merely the rights held by the county and was entitled to one per cent a month or 12 per cent per annum. *Pettit v. Black*, 8 Neb., 52. *Wilhelm v. Russell*, Id., 120. *Lynam v. Anderson*, 9 Id., 368. *Miller v. Hurford*, 11 Id., 377. As the sales were invalid the purchaser is entitled to 12 per cent interest, and this he was allowed in the court below. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.