SELDEN N. MERRIAM, APPELLEE, v. MARY L. HEMPLE ET AL., APPELLANTS.

Taxes: VOID SALE: SUBROGATION. Where the purchaser at a void sale of real estate for taxes pays the taxes legally levied upon the real estate for subsequent years, upon a failure of his title he will be subrogated to the rights of the county to the extent of the legal taxes so paid by him with legal interest, even though the taxes upon which the sale was had were void by reason of the default of the assessor in not filing the proper oath with the assessment roll.

APPEAL from the district court of Cass county. Heard below before POUND, J.

*A. Beeson* and *George S. Smith,* for appellants.

*S. P. Vanatta,* for appellee.

REESE, J.

The plaintiff filed his petition in the district court, in which he alleged that on the 6th day of September, 1872, W. D. Merriam purchased from the treasurer of Cass county 40 feet off the west end of lots number eight and nine, in block number forty-seven, of the city of Platts-mouth, in said county, for the taxes of the year 1871. That the certificate of purchase was duly assigned to him by said W. D. Merriam, and that the taxes for subsequent years had been paid by plaintiff. That on the 12th day of December, 1876, the county treasurer had executed to him a deed for said premises as required by law. The prayer of the petition is, that his title to said property be quieted, or if it should be found that his title has failed, that his lien for the taxes paid be foreclosed. The answer filed by defendants alleged various defects in the proceed-ings of the assessors, which were denied by the reply. The cause was then submitted to the district court upon a stipulation of facts. A decree was rendered, finding that the tax deed was invalid and conveyed no title to the prop-erty, and the same was accordingly canceled. The court further found that plaintiff had paid the taxes for the years 1872, 1873, and 1874, which with interest amounted to $113.23, and that the taxes thus paid were a lien on the land, and rendered a decree of foreclosure in favor of plain-tiff for that amount. Defendant appeals from this decree. The questions presented by the record have, with one ex-ception, been recently passed upon by this court, so that, as

stated in appellant's brief, " the only question left for determination in this case is this: the taxes for the year for which the property was sold being invalid, because the assessor did not make oath to the assessment roll, has the purchaser a right to a lien for subsequent taxes paid by him?" Section 5 of the act of June 6th, 1871, Laws of 1871, page 82, which was in force at the time of the levy and payment of the taxes referred to, is as follows: "Taxes upon real property are hereby made a perpetual lien thereupon, commencing from the first day of March of the then current year, against all persons and bodies corporate, except the United States and this state." General Statutes, § 51, page 917.

Section 7 of the same act provides that, " Whenever the title acquired by a purchaser of real estate at treasurer's sale shall fail, the purchaser at such sale, or his heirs or assigns, shall have a lien upon the real estate so purchased for the full amount of the purchase money, together with interest thereon from the date of such purchase    *    *    * and such purchaser, his heirs or assigns, may pay all taxes lawfully assessed on such real estate after such purchase, and when the said title shall fail may have a lien for all such taxes together with interest thereon at the rate aforesaid. The lien hereby created may be enforced in the manner directed by law for foreclosing mortgages." (See General Statutes, § 118, page 936.)

In *Pettit v. Black*, 8 Neb., 52, it was decided by this court that when the purchaser had paid the amount bid at a void sale into the county treasury, such purchaser would be subrogated to the rights of the county in the lien for the taxes and interest on the lands sold. See also *Wilhelm v. Russell*, Id., 123. *Reed v. Merriam*, 15 Neb., 325.

The trial court found that the sale for the taxes for 1871 was a void sale. Such was, perhaps, the fact. But that fact could not destroy the lien of the purchaser for the taxes paid by him at such sale, if the taxes were valid and the

sale void, on account of the irregularities of the revenue officers above the assessor. Neither could it destroy the lien for subsequent taxes legally levied, if the taxes for the year for which the real estate was sold were void. The fact that the sale was void furnishes the right of the purchaser to the lien. The fact that real estate had been purchased for taxes, whether at a void sale or not, gives the purchaser the right to pay subsequent taxes. If the title *fails*—if the sale is void—he is then subrogated to the rights of the county. The title failed in this case. The purchaser has paid the taxes levied subsequent to his purchase, in good faith, by virtue of his purchase. He is therefore subrogated to the rights of the county to the extent of the legal taxes paid by him.

The decree of the district court was correct and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.