THE COUNTY OF OTOE, APPELLANT, V. AMELIA H. MATHEWS, APPELLEE.

1. **Tax Sale.** County commissioners are authorized to purchase at tax sale for the use of their respective counties any real estate offered for sale, when the same remains unsold for the want of bidders. *Brown v. Otoe County*, 16 Neb., 394.

2. ———: CERTIFICATE. When such sale was made at the time required by law, but the tax certificate was not made until three months afterwards, the sale was held to be valid. Ibd.

3. ———: REDEMPTION: FORECLOSURE OF TAX LIEN. After the time for redemption has expired, a county having given the notice to the land-owner or occupant required by law may bring an action to foreclose the tax lien. and may include all delinquent taxes whether accruing before or after the sale. Ibd.

4. **Limitation against Tax Lien.** The statute of limitations does not begin to run against a tax lien until the title acquired by the tax deed has failed. Ibd.

5. **Foreclosure of Tax Lien.** In an action in the nature of equity brought to foreclose a tax lien the court will look to the statute and not to the assessment as the foundation of such lien, and will regard no defense or objection which goes only to the manner of assessing or levying such taxes, of advertising or conducting the sale, or the qualification of any officer or person performing any act or duty in respect to such assessing, levying, or sale.

APPEAL and cross-appeal from the district court of Otoe county. Heard below before POUND, J.

*John C. Watson*, for plaintiff.

*Charles W. Seymour*, for defendant.

COBB, CH. J.

Action was brought in the district court of Otoe county by the county of Otoe for the forcelosure of tax liens for the taxes of several years and upon the several parcels of

real estate situate in said county, as set out, specified, and described in the petition in said action. The defendant answered, setting up the several defenses hereinafter mentioned. A trial was had to the court, which found in favor of the plaintiff as to certain of the taxes in said finding and judgment specified, and rendered a judgment of foreclosure and sale thereon. But as to other of said taxes in said finding and judgment set out and enumerated, found for the said defendant, and adjudged that the plaintiff had no cause of action therefor.

Both parties appealed to this court.

The questions presented by the appeal of the defendant may be briefly stated as follows:

1. That the purchase of the defendant's land for delinquent taxes was not the corporate act of the county, but the act of the county commissioners, and was *ultra vires*.

2. That the county commissioners had no right to purchase the said property except in case of the same having been offered for sale and remaining unsold for want of bidders.

3. That the county cannot foreclose the lien in this case for the reason that at the time of the purchase of said lands for taxes the same had not been delinquent for one year.

4. That the notice does not truly state the time when the right of redemption would expire.

5. That the certificates were not signed by the county treasurer, but by his deputy, and not by him until long after the date borne by said certificates.

6. *   *   *

7. That all taxes five years old are barred by the statute of limitations.

8. *   *   *

9. The county cannot foreclose until the title fails.

10. From 1861 up to 1877 real estate could not be sold for taxes by foreclosure or any other way until the personal property of the owner had been exhausted.

11. The act of February 28, 1881, had no retrospect-ive effect, etc.

Every one of the foregoing points were made and ques-tions presented by the same counsel in the case of the same plaintiff against W. A. Brown. That case was disposed of at the July term, 1884, and is reported at pp. 394–8, 16 Neb., to which, and the opinion following the same on motion for a re-hearing, I refer rather than to re-write the same.

2. The plaintiff appeals from that part of the finding and judgment of the district court which is in the follow-ing words, to-wit: "And the court further finds that the state and county taxes for 1867 and 1869, and the city taxes for 1867, 1869, 1870, 1871, 1872, 1873, 1874, 1875, and 1876, alleged in plaintiff's petition herein against the premises described, are illegal and void and are no lien on said premises."

There is no evidence in the record that the defendant's property was taxable or that there was any effort upon the part of either the city or county to tax it prior to the year 1870. Accordingly so much of the above finding and judgment as holds that no lien exists against said real es-tate for taxes for the years 1867 and 1869, or either of them, must be affirmed. But in so far as the said finding and judgment is adverse to the lien of said plaintiff for the city taxes of the years 1870, 1871, 1872, 1873, 1874, 1875, and 1876 the same must be reversed. So far as can be ascertained from the record and the briefs of counsel the district court found against the said taxes for the rea-son that no oath of the city assessors for said years was produced in evidence. The statute in force at the date of these taxes provides that, "Taxes upon real property are hereby made a perpetual lien thereupon, commencing from the first day of March of the current year, against all per-sons and bodies corporate, except the United States and this state." Sec. 50, Chap. 66, Gen. Stat.

It will be seen by reference to section 26 of the chapter above referred to that under the law as it then stood the assessors had until the first Monday of April of each year in which to complete the assessment, while by virtue of the section above quoted the taxes on the property to be assessed became a lien thereon from the first day of the preceding month. It cannot be, then, that the statutory lien of unpaid taxes is founded upon the assessment. On the contrary such lien is founded upon the statute. To the end that the burden of taxation may be borne as nearly equal as possible by each piece of property in the political subdivision in proportion to its relative value, an assessment is provided for by an officer elected for that purpose. The law provides, among other things, that he shall take and subscribe a certain oath and attach it to the assessment roll. This is a duty which may be enforced by mandamus, and for the refusal or failure to perform which the law has probably provided an appropriate punishment. But does such failure dissolve the statutory lien which had already attached, or does it render the other acts of such assessor void, or even voidable. The valuation of taxable property is not permanently fixed by the assessor, but it serves as a basis for the action of the precinct assessors of the county when met as a board of equalization, as provided for by section 26 of the chapter in question, and of the county commissioners when constituting the county board of equalization, as provided for by section 27 of the same chapter. Every owner of private property within the state is chargeable with knowledge that such property is subject to annual taxation. If his property is over assessed, he may attend before these boards and obtain redress, and in cases of oppression doubtless the courts are open to him for relief. But he cannot stand idly by and when these proceedings have ripened into a sale of his lands for such taxes, and the purchaser has sought the aid of a court of equity for the foreclosure of his lien, come

into such court and be heard to plead a technical defense to such taxes.

Whatever may have been the holding of this court in cases where it has been sought in a purely legal action to enforce a tax title, or whatever might be the ruling in a direct proceeding against the officers charged with the duty of assessing, levying, or collecting taxes, while such proceedings are *in elimini*, based upon the failure of the assessor to take, subscribe, or return the oath prescribed by the statute, or upon other illegality in the proceedings, it is clear and well settled that in a proceeding in the nature of equity to enforce a tax lien the court will look to the statute, and not to the assessment, as the foundation of such lien, and will regard the amount of the taxes against the property in question as borne upon the books of the county as unalterably established.

That part of the judgment of the district court which is brought to this court by the appeal of the defendant is therefore affirmed, and that part of said findings and judgment which are appealed from by said plaintiff is reversed.    The cause is referred to the clerk of this court to compute the amount due on the causes of action rejected by the district court, but not including any taxes for any year prior to 1870, and upon the coming in of the report of said clerk the decree will be modified in this court accordingly.

DECREE AS ORDERED.

THE other judges concur.