A. E. Alexander, plaintiff in error, v. O. H. Good-
win and Jacob Le Fever, defendants in error..

1.  Power of Attorney.  The power of attorney copied at length
    in the opinion, *Held*, To be sufficient authority for the execution
    of the deed, also copied in the opinion.

2.  Deed: sufficiency: taxes: redemption.  The above-
    mentioned deed was sufficient to vest in the grantee therein
    named all the rights of the grantor to the money paid for the
    real estate therein described at tax sale, and the several amounts
    paid by such purchaser, for taxes subsequently assessed thereon;
    and the right to reclaim the same from such real estate, upon
    the failure of the tax title thereto.

Error to the district court for Cass county.   Tried be-
fore Mitchell, J.

*S. P. Vanatta*, for plaintiff in error.

*M. A. Hartigan*, for defendant in error Goodwin.

1.   The construction and interpretation of a power of
attorney is strictly confined to the express authority given
therein.  Martindale's Conveyancing, sec. 235.  *Brantley v.
Southern Ins. Co.*, 53 Alabama, 554.   *Force v. Dutcher*,
18 New Jersey Equity, 401.

2.   The certificate of purchase or payment of tax in
itself conveyed no estate.  Cooley's Taxation, ed. 1879, pp.
352, 353, and 454.   *Tilson v. Thompson*, 10 Pickering, 359.
*Alexander v. Bush*, 46 Pa. St., 62.   *Hightower v. Freedle*,
5 Sneed, 312.   *Stephens v. Holmes*, 26 Ark., 48.   *Brackett
v. Gilmore*, 15 Minn., 190.   *Williams v. Heath*, 22 Iowa,
519.   *Annan v. Baker*, 49 N. H., 161.

3.   The deed being executed without a seal of the treas-
urer was void, the statute requiring it.   *Sutton v. Stone*, 4
Neb., 319, 323.   *Reed v. Merriam*, 15 Neb., 323, 325.

*Sam. M. Chapman,* for defendant in error Le Fever, cited: *Denning v. Smith,* 3 Johns. Ch., 344.

COBB, J.

It appears from the abstract that on the 4th day of September, 1871, one S. N. Merriam purchased from the treasurer of Cass county, at tax sale, the south-east quarter of section 24, in township 12, range 12, in said county, sold by said treasurer for the delinquent taxes thereon for the year 1870, the said purchaser paying therefor the sum of $33.55, and receiving a certificate of purchase of said land for said delinquent taxes in due form. That said Merriam afterwards paid to the treasurer of said county subsequent taxes assessed and levied on said land at the times and in the amounts as follows, to-wit: On May 22, 1873, for taxes of 1872, $38.58; on April 30, 1874, for taxes of 1873, $33.48; on January 13, 1875, for taxes of 1874, $51.36; on February 5, 1876, for taxes of 1875, $31.32; on January 6, 1877, for the taxes of 1876, $24.32; and on January 8, 1878, for taxes of 1877, $28.58.

It further appears that said land not having been redeemed from the said tax sale, the same was, on the 5th day of September, 1873, by the treasurer of said county, conveyed to said Merriam, by a treasurer's tax deed of that date, which was duly recorded in said county on the same day.

It also appears that on the 20th day of August, 1884, the said S. N. Merriam, together with Lydia, his wife, for the expressed consideration of five hundred dollars, quit-claimed and conveyed by deed of that date, the said land to the plaintiff. This deed was executed by one W. D. Merriam as attorney in fact of the grantors. The power of attorney, by virtue of which said deed was executed, is copied in the abstract, is dated October 1, 1872, and by its terms empowered the said attorney " to bargain and sell

any and all real estate that we now own or may hereafter own in the state of Nebraska," etc.

It does not appear from the abstract who was the owner of the land at the date of said tax deed or other transactions. But it appears that on the 1st day of May, 1879, defendant Jacob LeFever received and recorded a deed of conveyance therefor executed by the sheriff of Cass county, and that on the 11th March, 1881, the said Jacob LeFever executed and delivered to the defendant, O. H. Goodwin a title bond of, to, and upon the said land and placed him in the possession thereof, and that said land was, at the date of the commencement of this action, in the actual possession and occupancy of said Goodwin under the said title bond.

This action was brought in the nature of an action *quia timet* for the purpose of removing from the said land the clouds cast upon the title thereof by the said sheriff's deed to LeFever and title bond from LeFever to Goodwin, or in case the title of the said plaintiff to the said land by and through the said tax deed should fail, then that the said plaintiff should be decreed to have a lien upon the said land for the amount for which the same was bid off and purchased at the said tax sale by the said S. N. Merriam, and the several amounts subsequently paid by him for delinquent taxes thereon, with interest on said several sums, as provided by statute, and that said land might be sold if necessary for the purpose of discharging such lien.

The defendant answered the petition of the plaintiff, admitting the possession of said land by them, as charged in the said petition, and claiming the title thereto. Denying the validity and lawfulness of the purchase of said land at tax sale by the said Merriam. Denying that the said Merriam ever paid the several amounts set forth in the petition, either as delinquent taxes or as taxes due, and a legal charge on said land; and denying that the plaintiff has any interest in said land under the pretended conveyance from S. N. Merriam, etc.

Alexander v. Goodwin.

There was a trial to the court, which found for the defendants and rendered a decree dismissing said cause with costs.    The plaintiff brings the cause to this court on error, It appears from the bill of exceptions that upon the trial:

Plaintiff offered the treasurer's deed set forth in the petition as evidence of title.

Defendant objected to the introduction of said deed, because it was not executed as required by law, and had no seal attached.

Which objection was sustained by the court, and the court then found that the title under said deed had failed.

Plaintiff then offered satisfactory evidence of the sale of said land for the delinquent taxes of 1870, and of the purchase of the same by S. N. Merriam, and of the execution and delivery of the deed, and of the payment of the subsequent taxes as set forth in the petition for the purpose of establishing the lien for taxes, and having the same foreclosed, which evidence was received by the court.

Plaintiff then offered in evidence the power of attorney from S. N. Merriam and Lydia Merriam to W. D. Merriam, which is as follows:

We, the undersigned, hereby constitute and appoint W. D. Merriam our true and lawful attorney for us, and in our names, place and stead, to bargain and sell any and all real estate that we now or may hereafter own in the state of Nebraska, and in our own names to execute deeds therefor, hereby ratifying and confirming all that our said attorney may do by virtue hereof.

Done this first day of October, A. D. 1872.

SHELDON N. MERRIAM.

LYDIA MERRIAM.

Signed, sealed and acknowledged in presence of

ALBERT CHANDLER,

JULIA A. WARD.

[And properly acknowledged.]

To the introduction of which the defendants objected for the reason that said power of attorney is irrelevant and immaterial, for the reason that it appears from the face of the same that it authorized said W. D. Merriam to sell and convey *real estate* only, and in no manner authorized the transfer of the cause of action sought to be enforced in this suit against the real estate of the defendants. Which objection the court sustained and plaintiff excepted.

Plaintiff then offered in evidence the deed of S. N. Merriam and Lydia Merriam, executed under the foregoing power of attorney, which is as follows:

### QUIT-CLAIM DEED.

·For the consideration of five hundred dollars we, S. N. Merriam and Lydia Merriam, husband and wife, of Washington county, Ohio, do hereby quit claim and convey to ·A. E. Alexander the following real estate situated in the county of Cass and state of Nebraska, to-wit: The southeast fourth of section 24, township 12, of range 12.

Signed this 20th day of August, A.D. 1884.

S. N. MERRIAM,
LYDIA MERRIAM.

By W. D. Merriam, their attorney in fact.

In the presence of
G. D. Woodin.

[And properly acknowledged.]

To the introduction of which deed the defendants objected for the reason that it merely purports to be a release made by S. N. Merriam and. Lydia Merriam by a party claiming to hold a power of attorney to convey real estate only, by one W. D. Merriam.

Which objection was sustained by the court, and the plaintiff excepted.

Numerous errors are assigned, but it is not deemed necessary to state them in detail.

Two questions are presented by the record.

1. Was the power of attorney from S. N. Merriam and Lydia, his wife, to W. D. Merriam, sufficient authority to the latter for the execution of the quit-claim deed to the plaintiff?

2. Did the quit-claim deed vest in the grantee therein named the right originally in the grantor to reclaim from the land the amount paid for its purchase at the tax sale as well as the several sums paid for delinquent taxes thereon, subsequent to the execution of the said tax deed and prior to the failure of the title conveyed thereby?

Both of these questions must be answered in the affirmative. As to the first proposition, it seems to be the position of counsel for defendant, Goodwin, that the object of the power being to authorize the conveyance of real property, and the trial court having found that the title to the land thereby sought to be conveyed had failed, the power was ineffectual to authorize the conveyance of even the claim or color of title created or existing in the grantor by virtue of the purchase of the land by the grantor at tax sale. This argument would be more plausible if the deed authorized by the power was a full covenant warranty; but even then, while admitting that it failed to carry a fee in the land, it would convey any right, easement, or lien thereon held or claimed by the grantor. But from the peculiar language of the power above copied, it may be doubted that it would authorize the execution of a conveyance with covenants of warranty. It cannot be doubted that it did authorize the execution of a deed conveying the right, title, interest, or lien of the persons executing the power in, to, or upon the tract of land therein described either in possession, expectancy, or *possibility*.

The second question is nearly, if not quite, involved in the first. S. N. Merriam purchased this tract of land at a sale for delinquent taxes; he received a deed therefor which purported to convey an absolute title to the land.

But long experience had shown it to be extremely difficult, if not impossible, to sustain a title to land acquired under proceeding for the collection of delinquent taxes. Recognizing this, the legislature passed the act of 1871. I quote the 7th section of said act as in more than one respect applicable to the question under consideration.

"SEC. 7.  Whenever the title acquired by a purchaser of real estate at treasurer's sale shall fail, the purchaser at such sale, or his heirs or assigns, shall have a lien on the real estate so purchased for the full amount of the purchase money, together with interest thereon from the date of such purchase at the rate of forty per cent per annum, until the same is fully paid, and such purchaser, his heirs, or assigns, may pay all taxes lawfully assessed on such real estate after such purchase, and when the said title shall fail, may have a lien for all such taxes, together with interest thereon from the time of payment, at the rate aforesaid," etc.  Gen. Stats., 936.

It will be observed that the lien above provided for attaches to the purchase, but lies dormant until the title acquired thereby fails, and it follows and attends such purchase whether in the hands of the purchaser, his heirs, or assigns.  The original certificate of purchase is surrendered to the county upon the execution of the tax deed, so that it is no longer the subject of assignment.  Accordingly the assigns provided for in the section must be the persons to whom the real estate has been conveyed or assigned by deed.  So also of the subsequent taxes paid on the real estate by the holder of the tax title.  The only evidence that he gets of such payment is a receipt from the county treasurer.  Such receipt alone could scarcely be the subject of an assignment.  It would be of no possible value in the hands of any assignee other than the holder of the title purchased at treasurer's sale; nor to him until such title fails.  But upon such failure, in whosesoever hands the title may be, he becomes the holder of a lien upon the land

for the amount of the original purchase, with interest, as well as for the amount of all legal subsequent taxes thereon, paid by the original purchaser or any assignee of such failing tax title, together with interest thereon. It has been settled by an unbroken line of cases in this court, beginning with that of *Pettit v. Black*, 8 Neb., 52, that the rate of interest to which the holder of the lien in cases of this character is entitled, is one per cent per month. That rule will be adhered to, and had plaintiff asked it in his petition in error or brief, a decree would be rendered for him in accordance with the above views in this court; but as he only asks for a reversal, the judgment of the district court is reversed and the cause remanded for future proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.