ERNEST STEGEMAN, APPELLANT, V. ROBERT FAULKNER ET AL., APPELLEES.

FILED OCTOBER 2, 1894.   No. 5594.

1. **Taxation:** PURCHASER AT INVALID SALE: SUBROGATION. Where a tax sale is invalid, the purchaser thereat is, by the payment of his bid, simply subrogated to the rights of the county for the enforcement of payment by foreclosure of the amount actually due which he has paid, with interest thereon at the rate of ten per cent per annum.

2. ———: ———: ATTORNEY'S FEE. A purchaser at an invalid tax
sale is not entitled to have taxed in his favor an attorney's fee
as part of the cost of the foreclosure of the lien to which he has
by payment become subrogated.

APPEAL from the district court of Colfax county. Heard
below before MARSHALL, J.

*Phelps & Sabin*, for appellant.

*Grimison & Thomas, contra.*

RYAN, C.

This action was commenced by the appellant in the dis-
trict court of Colfax county for the foreclosure of a tax
lien on lots 1, 2, 3, 4, 5, and 6, in block 65, of the origi-
nal town of Schuyler. The notice of the tax sale held in
January, 1890, was in the following language:

"DELINQUENT TAX LIST.

"SCHUYLER, NEBRASKA, October 10, A. D. 1889.

"Notice is hereby given that I will offer at public sale
at the court house in Schuyler on the first Monday in No-
vember, between the hours of 9 o'clock A. M. and 4 o'clock
P. M., the following described real estate for delinquent
taxes for the year 1888. JOHN NOVOTNY, JR.,
"*Treasurer of Colfax County, Neb.*"

The property in respect of which the lien is claimed, and
the amount for which it would be sold, as shown by the
description attached to the aforesaid notice, was as follows:
Lots 1, 2, 3, 4, 5, and 6, block 65, $35.70. No bid was
had for this property at the advertised public sale, and the
lots were therefore sold at private sale for the sum of
$697.49, for the taxes of the years 1883, 1884, 1885,
1886, 1887, and 1888.

Section 86, chapter 77, of the Compiled Statutes makes
the following provision in relation to delinquent taxes:
"In all cases where taxes are delinquent on any real prop-

·erty for any preceding year or years, it shall be the duty of the county clerk in making up the list for the current year, to enter the amount of the delinquent tax opposite the tract or parcel of real property against which it was charged, in a suitable column or columns, with the year or years in which the same was due, and the amount thereof shall be collected in like manner as tax on other real property for that year may be collected." In section 109 of chapter 77, just referred to, it is provided, in relation to the notice to be given of tax sales, that "the notice shall contain a notification that all lands, on which the taxes of the preceding year, naming it, remain unpaid, will be sold, and the time and place of the sale, and said notice must contain a list of the land to be sold and the amount of taxes due thereon." In the absence of a showing to the contrary, it may well be presumed that the county clerk, in making up the list of taxes for the current year, complied with the requirements of section 86 above quoted. At any rate, by the provisions of section 109 it was required that the notice published should contain a list of the lands to be sold and the amount of taxes due thereon, implying thereby that not only should the notice contain the amount of taxes due for the immediately preceding year, but, in addition, it should also embrace the delinquent taxes of former years. If the notice in this case had contained the amounts delinquent for the years from 1883 to 1887 in addition to the taxes for 1888, the amount shown to be due would have been $697.49,—if the amount bid correctly represents the amount of such delinquencies,—instead of showing, as it did, that there was due but the sum of $35.70. The considerations stated render the tax sale, under which plaintiff claims his right, invalid and, therefore, the purchaser was simply subrogated to the rights of the county. (*Pettit v. Black,* 8 Neb., 52; *Wilhelm v. Russell,* 8 Neb., 123; *O'Donohue v. Hendrix,* 13 Neb., 258; *Merriam v. Hemple,* 17 Neb., 347; *Otoe County v. Brown,* 16 Neb.,

395; *Otoe County v. Mathews*, 18 Neb., 466; *Merriam v. Dovey*, 25 Neb., 623.)

By section 179 of chapter 77 of the Compiled Statutes it is provided that the owner of any certificate or certificates of tax sales upon any tract of land, or town lot, shall be deemed the assignee and owner of all the liens for taxes of the state, etc., and may, instead of demanding a deed therefor as provided in this act, proceed, by action at any time before the expiration of five years from the date of such certificate, to foreclose the same, etc. In case of the foreclosure of such tax certificates as provided above, it is provided, in section 181, that the plaintiff shall be entitled to interest on each amount paid by him and evidenced by his certificate of tax sale and receipt for taxes paid, at the rate of twenty per cent per annum from the date of each payment for the term of two years, and at the rate of ten per cent per annum on each of said sums from and after the said two years and until decree of foreclosure, etc. It is also provided in the same section, and in the same connection, that at the time of the rendition of the decree the court shall award to the plaintiff attorney's fees equal to ten per cent thereof, which shall be taxed as a part of the costs of the action. Evidently these provisions refer to the foreclosure of a valid tax certificate. In the case at bar the sale was invalid for the reasons indicated, and the certificate, therefore, was not such an evidence of the amount due the plaintiff as entitled such plaintiff to relief under the provisions of the sections just quoted. In *Otoe County v. Brown*, 16 Neb., 398, it was held that the provision as to attorney's fees was not intended to apply to actions where the county foreclosed tax liens. As the rights of the appellant to foreclose are measured by the rights of the county in the same respect, it logically follows that the provision as to attorney's fees cannot be held to apply to such a foreclosure as the plaintiff was entitled to in this action. By the provisions of section 105 of chapter 77 of the Com-

piled Statutes, delinquent taxes draw ten per cent interest only, and the district court, therefore, correctly allowed but that amount and, for the reason above stated, properly disallowed attorney's fees. The judgment of the district court is

AFFIRMED.