JOHN LEDWICH, APPELLEE, V. WILLIAM J. CONNELL, APPELLANT.

FILED APRIL 21, 1896. No. 6516.

Tax Liens: FORECLOSURE: VALIDITY OF TAX SALE. While the holder of a certificate of purchase at a tax sale may foreclose his lien when the tax deed issued pursuant thereto is invalid by reason of an irregularity in the proceedings leading up to such sale, this rule cannot be invoked, when, in his petition, such purchaser alleges that the treasurer made the sale to him without authority of law and without any jurisdiction in the premises.

APPEAL from the district court of Douglas county. Heard below before HOPEWELL, J.

*Connell & Ives*, for appellant.

*A. S. Churchill*, contra.

RYAN, C.

On the 23d day of April, 1892, the appellee began this action in the district court of Douglas county for the

foreclosure of an alleged tax lien which he held, as he averred, upon certain real property owned by the appellant, and a decree was afterward entered as prayed. There was in the answer a denial of the averments of the petition that the real property above referred to was subject to taxation for the year 1887; that taxes were duly and regularly assessed for said year; that said taxes became due and payable from the defendant without demand therefor; that on May 1, 1888, the said taxes had not, and never since have been, paid, but are still delinquent, and that by reason of the aforesaid assessment and taxation the said taxes became and continued to be a lien upon said land. By the answer it was admitted that of the allegations of the petition the truth was stated in such as alleged that the taxes being delinquent and unpaid, the same were offered for sale on the 1st day of November, 1888, and not sold for want of bidders, and that on January 26, 1889, the same were sold at private sale for the delinquent taxes for the year 1887 to the appellee, who paid to the treasurer of Douglas county the sum of $446.84, which said sum was received by said county treasurer for said tax so assessed as aforesaid upon said land; that said treasurer has ever since retained said sum and passed the same to the various accounts of the state and county, and that upon receipt of said money said county treasurer, on January 26, 1889, issued to the appellee a certificate of sale therefor. It was alleged in the answer, and not denied, that upon this certificate of sale no notice had ever been served or attempted to be served of the purchase of the real property in the certificate described, or of any other matter required by section 123 of chapter 77, Compiled Statutes. The answer admitted the correctness of the following allegations of the petition:

"6. That in making said sale the said treasurer of Douglas county, Nebraska, made the same without authority of law and without jurisdiction in the premises; that by mistake and neglect of said Henry Bolln, who

was then treasurer of said county of Douglas, in said state of Nebraska, said land was not advertised for sale as required by law; that in fact no advertisement whatever was made of the sale of said land for delinquent taxes, and that the sale was void by reason thereof."

It was alleged in the petition that by reason of the mistake on the part of the county treasurer and his neglect to advertise the land for delinquent taxes, the certificate issued was at the time the petition was filed, and at all times had been, illegal and void; but this admission was coupled with a denial that such certificate was illegal and void solely by reason of the mistake of the treasurer or his neglect to properly advertise the land for sale for delinquent taxes, and in this connection it was by the answer asserted that the certificate was void for good and sufficient reasons other than those enumerated in the petition. By the petition there was asserted the right of the plaintiff to be subrogated to the rights of the county with reference to the taxes paid to its treasurer upon the purchase of the land bought by the plaintiff, and this right was denied by the defendant in his answer. From this analysis of the pleadings we find that the parties have left but few disputed questions, and to these we shall now direct our attention.

In that portion of the sixth paragraph of the petition above quoted there is the broad averment that "in making said sale the said treasurer made the same without authority of law and without any jurisdiction in the premises." While other similar averments in the petition are qualified by the statement of some reason why the sale was without authority of law and without jurisdiction, in this particular instance there was no qualification whatever. This general statement being admitted by the answer, we are bound to assume that the sale was without authority of law and without any jurisdiction. On the trial the certificate of purchase was introduced in evidence, notwithstanding the admitted fact that the sale was without authority of law and without any juris-

diction.  This certificate was evidence proper for consideration with reference to a sale having been made if, under the issues, that question had been open for determination.  But there was no such issue.  The plaintiff had alleged, and the defendant had admitted, that the sale made by the treasurer was without authority of law and without any jurisdiction.  For all purposes this was an established fact, and the certificate could not in the least unsettle it.  For this reason the certificate cannot be considered for the purpose of determining whether or not, in fact, there was a sale to the appellee.  If the certificate cannot be considered for the reason stated, it is manifest that evidence, *aliunde*, of the same fact is incompetent, and hence we are left without proof of any kind that plaintiff purchased the land with reference to which this controversy exists.  The appellee, in the district court, predicated his right to a foreclosure of the lien of the county upon the principle that, by the sale, he had been subrogated to the rights of such county, and that, therefore, in equity, without the sanction of a statute, he was entitled to the relief prayed.  The insuperable objection to this proposition is that by his own averments the appellee showed that the sale was without authority of law and without any jurisdiction.  This being true, the sale was void, absolutely, and not merely invalid by reason of defective compliance with some requirements of the statute or a failure to perform some precedent condition as was the case in *Pettit v. Black*, 8 Neb., 52; *Wilhelm v. Russell*, 8 Neb., 120; *O'Donohue v. Hendrix*, 13 Neb., 257; *Merriam v. Hemple*, 17 Neb., 345; *Otoe County v. Matthews*, 18 Neb., 466; *Merriam v. Dovey*, 25 Neb., 618; *Stegeman v. Faulkner*, 42 Neb., 53; *Adams v. Osgood*, 42 Neb., 450.  In each of these cases cited there was a mere irregularity in the exercise of the authority and in the jurisdiction to sell conferred by law; there was not, as in this case, an entire lack of both authority and jurisdiction.  What might be the rights of appellee arising from subrogation cannot in this action be determined, for the

county treasurer having conducted the sale, upon which the rights of the appellee depend, "without authority of law and without any jurisdiction," there was no subrogation possible.

It has already been shown that the certificate of purchase, under the admitted averments of the petition, was inadmissible in evidence. It is, therefore, not necessary, indeed it would be improper, to express an opinion as to the necessity of compliance with the provisions of section 123 of chapter 77, Compiled Statutes, to entitle the holder of a certificate of purchase at a tax sale to maintain a foreclosure action thereon.

The judgment of the district court is reversed and this cause is remanded for further proceedings.

REVERSED AND REMANDED.