The State v. Helmer.

THE STATE OF NEBRASKA, EX REL. CHARLES WHIFFIN, v. LOUIS HELMER, COUNTY TREASURER, LANCASTER COUNTY.

1. **Taxes:** SALE OF LANDS FOR TAXES AT PRIVATE SALE. The relator alleges that on the twentieth day of November, 1879, he tendered to the county treasurer the taxes, penalty, interest, and costs due on lots * * *, and demanded a tax certificate for said lots at private sale, which was refused. *Held*, that the county treasurer had no right or power to sell real estate for taxes at private sale until after his report of sales of real estate at public sale is made and filed in the office of the county clerk, and that a tender and demand to purchase land or lots for taxes at private sale, made before such report is made and filed, gives no right to the writ of mandamus to compel such sale.

2. ———: ———. Real estate can only be sold for taxes to those who offer to pay and do pay the amount of *all* taxes, penalty, interest, and costs due on any parcel of land or town lot, or the smallest portion of the same.

3. **Mandamus.** Even an alternative writ of mandamus will only issue out of this court when the relator shows himself clearly entitled to the relief demanded.

ORIGINAL application for an alternative writ of mandamus.

*H. H. Blodgett*, for the relator.

COBB, J.

The provision of law (1879, p. 321) under which the relator asserts his right to a mandamus against the county treasurer is in the following words:

"Section 113. After the tax sale shall have closed, and after the treasurer has made his return thereof to the county clerk, as provided in the preceding section, if any real estate remain unsold for want of bidders therefor, the county treasurer is authorized and

required to sell the same at private sale, at his office, to any person who will pay the amount of the taxes, penalty, and costs thereof for the same, and to make out duplicate receipts for the taxes on such real estate, and deliver one to the purchaser and the other to the county clerk, as hereinbefore provided (with the additional statement inserted in the certificate of sale that such lands have been offered at public sale for taxes, but not sold for want of bidders), on which he is required to write: ' sold for taxes at private sale,' and the treasurer is further authorized and required to sell as aforesaid all real estate in his county on which taxes remain unpaid and delinquent for any previous year or years."

The next preceding section to the above is in the following words:

' " Section 112.   The treasurer shall keep a sale book showing the lands sold, the name of the purchaser, and the sums for which each tract was sold; and on or before the first Monday of December following the sale, of real property he shall file in the office of the county clerk of his county a return thereof, as the same shall appear on said sale book, and such certificate shall be evidence of the regularity of the proceedings."

The relator, after setting out all necessary preliminary matters, and some which were probably not entirely necessary, alleges that " on the first Monday of November, 1879, between the hours of 9 A.M. and 4 P.M., the sales of said lands and town lots were adjourned from that time from day to day until they were all offered for sale, and said lots one and two, in block 84, were not sold for want of bidders; and on the twentieth day of November, 1879, after said sale of lands and town lots for taxes, and said lot one and two, in block 84, not being sold for taxes, and the

taxes not having been paid, Charles Whiffin tendered to Louis Helmer, the then acting and duly qualified and elected county treasurer of Lancaster county, Nebraska, during business hours, in the office of said treasurer, the whole amount of taxes, penalty, interest, and costs due on lots one and two, in block 84, for the year 1878, and demanded a tax certificate for said lots at private sale; and the said treasurer, Louis Helmer, then and there refused to accept said money, or make, execute, and deliver to the relator a tax certificate at private sale," etc.

It will readily be seen, by comparing the above allegations with the requirements of the statute, that the relator does not bring his case within the statute in two important respects. It is not the duty, nor is it within the power of the county treasurer to sell lands for taxes at private sale until after he shall have filed in the office of the county clerk of his county a return of the sale of real property for taxes at public sale. This return he is only required to file on or before the first Monday in December following the sale. The presumption is, therefore, that on the twentieth day of November, 1879, no return of the public sales of lands for the taxes of 1878 had been made; hence, at the time it was not only not the duty of the county treasurer to sell the lots in question to the relator for taxes at private sale, but it would have been a clear violation of law for him to do so.

But there is another and more important particular in which the relator fails to bring his case within the provisions of the statute. By a fair construction of sec. 113 it is the duty of the county treasurer, upon a proper and timely application being made therefor, to sell at private sale all real estate in his county on which taxes remain unpaid and delinquent, not only for the taxes of the current or next preceding year,

but for any previous year or years. The relator tendered only the amount of taxes, penalty, interest, and costs for the year 1878. It may be that there were no taxes unpaid and delinquent on said lots for any other year; but the relator does not allege that there were none; and where a party seeks by mandamus to compel a public officer to discharge an alleged duty, he should at least negative every probable ground upon which such duty may be denied. And certainly it would be better pleading to allege that the relator tendered an amount equal to all taxes due on said lots, because it is only upon the doing or offering to do, on the part of the citizen, of all which may be required, as conditions precedent to the accruing of a right on his part to any official act on the part of a public officer, that he can apply to a court of law for a mandamus to compel such officer to act. And hence, unless the relator alleges the compliance or offering to comply on his part, with all such conditions precedent, he fails to state facts sufficient to constitute a cause of action.

It is doubtless the true intent and meaning of the law that lands or town lots can only be sold for taxes to those who offer to pay and do pay the amount of *all* taxes " due on any parcel of land or town lot or the smallest portion of the same."

This being an application for an alternative writ only, it may be claimed as correct practice for the court to allow it to issue somewhat as a matter of course. Such is doubtless the case where the relation on its face shows a cause of action. But a court would be unjust to itself as well as to all parties concerned were it to allow the writ to go when no *prima facie* case is made; and more especially where the writ would require a public officer to come into court and defend official conduct on his part, which even

upon the relators' own showing the court must approve. And this court will in no case allow even an alternative writ to issue without first being satisfied that the relator presents a good *prima facie* cause of action.

For the above reasons the writ is denied.

WRIT DENIED.