GEORGE J. TILLOTSON, PLAINTIFF IN ERROR, V. JAMES W. SMALL, DEFENDANT IN ERROR.

Taxes: SALE FOR DELINQUENT TAXES. Taxes were delinquent upon certain real estate for the years 1872, 1873, 1874, and 1875, and the land was sold for the delinquent taxes of 1875, and a tax deed made to the purchaser. In an action by the purchaser to have tax certificates for sales subsequently made for the taxes of 1872-3-4 canceled, *Held*, That the treasurer had no authority to sell, except for *all* the delinquent taxes, penalty, interest, and costs.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*D. W. Barker*, for plaintiff in error.

The purchaser, by his deed, acquires all the right, title, interest, and claim of the former owner, and of the state and county, in and to the land, and the lien of the taxes previously assessed thereon, being included within these terms, is divested. It merges in the title conveyed to the purchaser. And the sale of said lands to the county of Nuckolls for unpaid delinquent taxes, prior to that for which the said lands were sold and tax deed issued there-

for to plaintiff's grantors, was null and void. Such previous taxes, after said lands were sold and tax deed issued in the manner above stated, were no longer liens on said lands, and cannot be enforced against the land thus sold for delinquent taxes. *Preston v. Van Gorder*, 31 Iowa, 250. *Bowman v. Thompson*, 36 Iowa, 506. 2 Hilliard on Real Prop., 618. Comp. Stat., sec. 51, p. 393.

*Batty & Ragan*, for defendant in error, cited *State ex rel. v. Helmer*, 10 Neb., 25. *Dennison v. Keokuk*, 45 Iowa, 266. Gen. Stat., sec. 67, p. 923. *Shoemaker v. Lacy*, 38 Iowa, 277. *Cowell v. Washburn*, 22 Cal., 519. *Reeve v. Kennedy*, 43 Cal., 653. *Hayden v. Foster*, 13 Pick., 492. *Morris v. Smith*, 11 Humph., 133. *Osterberg v. Union Trust Co.*, 93 U. S., 424.

BY THE COURT.

This is an action to quiet title. A demurrer to the petition was sustained in the court below, and the action dismissed. The plaintiff brings the cause to this court by petition in error.

It appears from the petition that on the twentieth of September, 1876, certain real estate in Nuckolls county, described in the petition, was sold to the plaintiff at private sale for the taxes due thereon for 1875, there being at that time taxes due and delinquent on said lands for the years 1872, 1873, and 1874. At the expiration of two years from the date of sale the plaintiff applied for and obtained a tax deed for the lands in controversy. In 1881 the county commissioners of Nuckolls county purchased the lands in dispute for the delinquent taxes due thereon for 1872–3–4, and afterwards sold and assigned the certificates of purchase to the defendant. The plaintiff therefore brought this action to cancel these certificates. The question to be determined is, the authority of the treasurer to sell lands for a *portion* of the delinquent taxes due thereon.

This question was before the court in the case of *State v. Helmer*, 10 Neb., 25, and it was held that the sale could only be made where the purchaser paid all the taxes, penalty, interest, and costs due on each parcel of land. The reason is, the object of a sale is to collect the amount of taxes due upon the land—not a portion of such amount. And the law, which from the necessity of the case requires a sale to be made, yet is intended, as far as possible, to protect the rights of landowners.

A tax deed based upon a sale for a portion only of the taxes due upon land being unauthorized, is ineffectual to convey the title, although the holder may be entitled to a lien for the taxes paid, with twelve per cent interest. As the object of this action is to have the plaintiff's deed declared valid, the petition fails to state a cause of action, and the judgment is affirmed.

JUDGMENT AFFIRMED.