specific grounds of error are set forth. *Swansen v. Swansen*, 12 Neb., 224.

If a good cause of action is definitely stated in the petition and a demurrer thereto is overruled, the party demurring, in order to avail himself of the ruling thereon, must rest on his demurrer. And if he reply, he thereby waives his exception. This applies only to defects in the form of pleading; but if the facts stated in the petition do not constitute a cause of action, filing an answer by the defendant is not a waiver of such defect. *Farrer v. Triplet*, 7 Neb., 240.

The grounds assigned in the motion are not sufficient to justify the court in striking the petition from the files, and the motion is overruled.

MOTION OVERRULED.

## SAME V. SAME.

**Taxes:** SALE OF LAND. Under our revenue law a sale of land can be lawfully made only by including all the taxes, interest, and costs due thereon at the time. A sale for a portion only is not binding upon the owner.

ERROR to the district court for Sarpy county. Tried below before SAVAGE, J.

*Redick & Redick*, for plaintiff in error.

*Clarkson & Hunt*, contra.

BY THE COURT.

This action was brought by the defendant in error against the plaintiff to have a certain tax deed, in which he was named as the grantee, declared valid, but if the court

should find it to be invalid, then that the lien for the taxes paid be foreclosed and the premises sold. A decree was rendered in the court below declaring the tax deed invalid, but finding the *tax sales* to have been legally made, and awarding the holder of the deed a lien upon the real estate described in the petition for the amount of the purchase money and forty per cent interest thereon, and directing a sale of the premises. The plaintiff brings the cause into this court by petition in error. There is no bill of exceptions, and the only question that can be considered is, whether or not the petition will sustain the decree.

It is alleged in the petition that in January, 1875, the county treasurer of Sarpy county sold to Milton Hendrix, at private tax sale, the lands in controversy, for the taxes levied thereon for the year 1873. That thereafter said Hendrix paid the taxes levied on said real estate for the years 1865 to 1872 inclusive, and 1874, and that on the fourth day of September, 1876, he purchased said premises for the taxes due thereon for 1875. The tax certificates were afterwards assigned to the defendant, who, on the fourteenth day of February, 1880, procured a treasurer's deed for the land. The sale being invalid, is the defendant entitled to forty per cent interest? We think not.

In the case of *Tillotson v. Small, ante* page 202, and in *State v. Helmer,* 10 Neb., 25, we held that a county treasurer had no authority to sell real estate for a *portion* of the taxes due thereon. The statute authorizes him to sell for all the taxes, penalty, interest, and costs due upon a tract of land.

In *State v. Helmer, supra,* it is said: "It is doubtless the true intent and meaning of the law that lands or town lots can only be sold for taxes to those who offer to pay and do pay the amount of *all* taxes due on any parcel of land or town lot, or the smallest portion of the same." We adhere to our decision in that case. The sale to the defendant was therefore unauthorized and the defendant is entitled to only 12 per cent interest.

The judgment of the district court is reversed, and the cause is remanded to the district court, with directions to enter a decree in conformity to this opinion.

REVERSED AND REMANDED.

JOSEPH H. MILLARD, TRUSTEE AND MORTGAGEE OF THE OMAHA HORSE RAILWAY COMPANY, PLAINTIFF IN ERROR, V. ALFRED BURLEY, DEFENDANT IN ERROR.

**Mortgage.** In a contract between the trustee of a mortgage and certain creditors of a railroad company, *Held*, The property levied upon was not included in the mortgage. LAKE, CH.J., dissenting.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*George E. Pritchett*, for plaintiff in error.

The act incorporating the company authorized it to mortgage its franchise. In such case the road becomes an indivisible entire thing, and a mortgage of its property covers everything used in operating the road. *Pierce v. Emery*, 32 N. H., 484.. *Phillips v. Winslow*, 18 B. Mon., 431. *Willinck v. Morris Canal Co.*, 3 Green (N. J. Eq.), 377. *Phila., &c., R. Co. v. Wollper*, 64 Pa. St., 366. *Galveston v. Cowdrey*, 11 Wall., 459. *Ludlow v. Heard*, 1 Disney (Ohio), 552. While some of the articles replevied in this action are not described, *eo nomine*, in the description in the mortgage, we claim they are covered by the phrases, "other appurtenances belonging to or connected therewith," and "the franchise of said company, with all the rights, privileges, and property pertaining thereto." The articles all pertained to the franchise or were appurtenant to the road. See Webster's definition of "appurte-