SYLVANUS LUDDEN, PLAINTIFF IN ERROR, V. HARRY B. HANSEN, DEFENDANT IN ERROR.

1. **Taxes:** DEED: PRIVATE SALE. A tax deed purporting to have been issued on a *private sale* must contain a recital that the land had been previously offered for sale for such taxes at public sale, and not sold for want of bidders.

2. **Ejectment:** EVIDENCE. In an action of ejectment, a certificate of sale of the land in question for taxes was offered in evidence in connection with an offer of proof that a tax deed on such certificate had been demanded of the county treasurer and refused. *Held,* That such evidence was properly excluded.

ERROR to the district court for Jefferson county.    Tried below before MORRIS, J.

*B. S. Baker*, for plaintiff in error.

*C. B. Letton*, for defendant in error.

COBB, CH. J.

This was an action of ejectment brought by the defendant in error against the plaintiff in error for the possession of the eighty acre tract of land described in the pleadings. The petition was in the usual form. The defendant in said action answered by a general denial.

There was a trial to the court, a jury being waived, and a finding and judgment for the plaintiff.

A motion for a new trial having been overruled the cause is brought to this court on error.

The errors assigned are:

1. That the court erred in not admitting the tax deed between the state of Nebraska by Andrew W. Showalter, treasurer of Jefferson county, of the first part, and S. D. Ludden, of the second part.

2. The court erred in not admitting the county treasurer's certificate of tax sale of said Jefferson county, issued by the treasurer of said county, and in favor of A. H. Miller, and properly endorsed.

3. The court erred in not admitting the evidence of G. H. Turner, treasurer of said Jefferson county, for the purpose of showing that a deed was duly demanded on said certificate of tax sale of the land in controversy.

4. The court erred in overruling the motion for a new trial.

It appears from the bill of exceptions that after the plaintiff had introduced his evidence and rested, the defendant offered in evidence a tax deed for the land in controversy, to the introduction of which the plaintiff objected, for the reason that the place of the sale of the land for taxes was not shown by the deed, and also for the further reason that the said deed did not show on its face that the land in controversy had been offered for sale at public sale and not sold for want of bidders, which objections were sustained by the court and the said deed excluded. From a copy of the deed preserved in the bill of exceptions it appears that it purports to have been executed on a private sale made on the 10th day of September, 1873. The deed does not state at what place the sale was made, the blank in the printed form evidently intended to be filled up with the place of sale being left blank. Nor does it contain the statement that the land had been previously offered at

public sale and not sold for want of bidders. In the case of *Haller v. Blaco*, 10 Neb., 36, the majority of this court held that a deed purporting to have been made on a public sale of land for taxes, which failed to state the place at which the sale was made, was properly excluded. I do not think that the reason of that decision would apply to a case of lands sold at private sale. I think that when it is shown to have become the duty of the county treasurer to sell lands for taxes at private sale, and he is shown to have made such sale, a presumption of law arises that such sale has been made at his office, where the law requires him to make it. But, as was held by this court in the case of *The State v. Helmer*, 10 Neb., 25, before the treasurer can lawfully sell lands for taxes at private sale, he must first offer them at public sale (obviously at one of the places where he is authorized to sell at public sale), and must make and file his report in the office of the county clerk, showing what property he has sold at public sale. And the statute then in force, Gen. Stats. p. 921, sec. 63, required him in all cases of private sales to execute and deliver a special certificate reciting that the said lands have been offered at public sale for taxes and not sold for want of bidders. It is true that the statute did not contain any form of tax deed modified to meet such cases, nor provide in terms that deeds made on such certificates should contain a recital of the facts which gave the treasurer the power to sell at private sale, but it being a question of power, I think it essential in the very nature of things that the conditions from which the power arises must be recited. This would be more especially so in case of a deed like the one now under consideration, which was executed on a sale purporting to have been made at private sale on the 10th day of September, for the taxes of the preceding year, when the statute did not require the county treasurer to make his report to the county clerk until on or before the first Monday of October following. In such

case, I think, without an allegation to the contrary, the presumption would be that such report had not been made so long before the time required by statute. I think, therefore, that the deed was properly excluded on the second ground of objection.

The second and third points may be considered together. There was no error in refusing to receive the tax certificate in evidence, under the issue. A tax certificate alone is no evidence of title to land, nor is it even when connected with proof of a demand upon the proper officer for a deed thereon. Although a purchaser of land at tax sale may be entitled to a deed upon his certificate of purchase, and although in a direct proceeding for that purpose he would have the undoubted right to compel the execution and delivery of such deed to him by the county treasurer, yet he cannot dispense with such proceeding, and upon a trial for the possession of the land introduce evidence of his right to a deed. In a proper case, where a county treasurer captiously refuses to execute a tax deed, the court would stay proceedings in an action until the party entitled to such tax deed could have time to compel its execution and delivery by mandamus, but in no case at law can proof of a right to a tax deed be made to stand in lieu of the deed itself.

There was therefore no error in the rejection of the tax certificate when offered as evidence of title, nor in the rejection of the testimony offered to prove that defendant had made demand of the county treasurer that he execute and deliver a tax deed thereon and been refused.

It also follows that there was no error in the refusal of a new trial.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.