ADDISON P. WESTON, APPELLANT, v. JOSEPHINE
          MEYERS ET AL., APPELLEES.

                FILED MAY 4, 1895.   No. 6089.

Quieting Title: REMOVAL OF CLOUD CREATED BY TAX DEED: PLEADING: TAX LIENS: SUBROGATION.   Appellant in a suit in equity alleged in his petition that he was the owner of certain real estate and entitled to the possession thereof; that appellee claimed an interest in said premises by virtue of a tax deed; that "there was no legal and sufficient levy of the taxes," for which said real estate was sold and on which said tax deed was based.   He prayed that the tax sale and deed, and appellee's title by virtue thereof, might be decreed void; that the title to the real estate might be quieted in, and the possession of the premises awarded to, appellant.   The petition contained no offer to pay appellee any sum the court might find he had paid to purchase the premises at the tax sale or for taxes subsequently paid on the premises.   *Held,* (1) That the averment in the petition that "there was no legal and sufficient levy of the taxes"

was a mere conclusion; (2) that the tax levied became by virtue of the statute a lien on the real estate until paid or barred by law; (3) that the appellee by his purchase of the real estate for such taxes, although the sale was an invalid one, became thereby subrogated to the right of the public, and this right was a lien upon the real estate for the taxes paid until paid or barred; (4) that he who asks equity must do equity; and as the appellant did not offer in his petition to pay the appellee whatever sum the court might find he had paid out for the purchase of the premises at the tax sale, nor for legal taxes subsequently paid on the premises, the petition did not state facts entitling the appellant to equitable relief.

APPEAL from the district court of Otoe county.    Heard below before CHAPMAN, J.

*C. W. Seymour*, for appellant.

*John C. Watson* and *John A. Rooney, contra.*

RAGAN, C.

This suit was brought in the name of Addison P. Weston in the district court of Otoe county against Josephine Meyers and her husband.   The petition alleged that Weston was the owner of the legal title and entitled to the immediate possession of certain described property in the city of Nebraska City; that the defendant Josephine Meyers set up and claimed an interest in and to said premises adverse to the interest of Weston; that Meyers was the owner and holder of a certain pretended tax deed to the premises, dated November 27, 1885; that said pretended tax deed purports to be based upon the sale of said premises for the alleged delinquent taxes for the year A. D. 1879; that the pretended sale of said premises for said year was wholly illegal and void; that the premises were not properly assessed for taxes, "and that there was no legal and sufficient levy of taxes for said year." The petition then averred that said premises were not offered at public sale for the taxes for the year 1879; that the treasurer of the county

did not make a return of his sale of lands for taxes of said year; that the treasurer did not file in the office of the county clerk a notice of sale of lands for taxes for said year, nor a certificate of the advertisement verified by affidavit; that during the years 1880, 1881, 1883, 1884, and 1885 Weston was a resident of the state of Nebraska, and that he was not served with a personal notice before the time of redeeming of said tax sale expired or at any other time; and that in the year 1879 he was the owner of personal property in Cass county, where he then resided, out of which the taxes due from him on said lands could have been collected; and that the treasurer of said Otoe county made no attempt whatever to collect said taxes out of his personal property. The prayer of the petition was that the parties made defendants might be compelled to show their title to the real estate; that such title might be determined null and void; that the pretended tax sale of 1879 might be declared null and void; that the tax deed might be set aside; and that the court should decree that the parties made defendants had no estate in, or lien upon, said premises. It is not necessary to set out the averments of the answer. The district court found the issues in favor of the defendants and dismissed the petition, and the case is before us on appeal.

The district court found specially that Weston was not the real party in interest in this action. The evidence on this issue is somewhat unsatisfactory, but we think it is sufficient to support the finding of the court; and we have no doubt whatever but that had the court seen fit to make a special finding that Weston did not bring nor authorize the bringing of this suit, that such special finding would have abundant support from the evidence in the record. It is not necessary to quote this evidence, but it establishes the fact that Weston did not bring nor authorize the bringing of this action. He did not employ or pay counsel who brought it. The suit appears to be a speculative one insti-

tuted by a real estate agent of Nebraska City.' The district court also found specially that there was no equity in the petition filed in this case, and we think the district court was right in this finding. It will be observed that this is a petition in equity in which it is alleged that appellant owns certain real estate; that this real estate is in the possession of the appellees, who claim an adverse title or interest therein; that the interest and claim of appellees are based in part upon a sale of real estate for the taxes for the year 1879, and a tax deed issued in pursuance of such sale. The allegation in the petition that "the premises were not properly assessed for taxes and that there was no legal and sufficient levy of taxes for said year" is a mere conclusion. The petition sufficiently shows that a tax was levied upon this real estate for public purposes, and having been levied it became, by virtue of the law, a lien on the real estate until paid or until barred by the statute. The sale made of this real estate for the taxes for the year 1879 may have been and probably was invalid, and the deed may have been and probably was void; but the purchaser of this real estate at such tax sale, although the same was an invalid one, became subrogated to the rights of the public by his purchase, and that right, as already seen, was a lien upon the real estate for the amount of the taxes paid until paid or barred. The petition in this case does not offer to pay the taxes paid at this sale or subsequently. On the contrary, the prayer is that the tax levy, the sale, and the deed may all be decreed void, and the title and possession of the premises may be decreed to be in the appellant, free from any lien for any such taxes.

In *Loney v. Courtnay*, 24 Neb., 580, Loney had executed a mortgage upon certain real estate. There had been a foreclosure, or attempted foreclosure, of this mortgage, a sale of the real estate, and a sheriff's deed executed in pursuance of such foreclosure and sale. For reasons not necessary to set out here, the proceedings and the decree fore-

closing this mortgage were void. Loney then brought his action in equity to cancel the deed made by the sheriff as a cloud upon his title, and in the petition he made no offer to pay what was equitably due the parties made defendants upon the mortgage. The court below entered a decree in favor of Loney canceling the sheriff's deed. On appeal this court said: "In the case under consideration the mortgage was given to secure a *bona fide* debt. This debt, to the extent of the purchase price of the land, under the decree, has not been paid, if the deed in question is declared void. The plaintiff, however, ignores this demand. He makes no offer to pay what is equitably due the defendants upon the mortgage, and therefore is asking for equitable relief without offering to do equity." And the decree of the district court was reversed. To the same effect see *Morrison v. Hershire*, 32 Ia., 271.

If the appellant was the owner of the legal title to the premises in controversy and entitled to their possession, he had the right to put his title on trial before a law judge and a jury; but when he invokes the court for equitable relief he must offer himself to do equity; and since he did not offer in the petition to pay to the appellees whatever sum the court might find they had paid out in the purchasing of these premises at the tax sale made thereof for taxes which were a lien on the premises and taxes subsequently paid that were a lien upon said premises, the petition stated no ground for equitable relief and the decree of the district court was correct. Its judgment is accordingly

AFFIRMED.