WILLIAM MEDLAND, APPELLANT, V. WILLIAM J.
CONNELL ET AL., APPELLEES.

FILED DECEMBER 8, 1898. No. 8510.

1. **Void Sale for Portion of Taxes.** A tax sale is invalid where it was not made for all delinquent taxes against the land, with interest and costs.

2. ———: **LIEN FOR OTHER TAXES.** A sale of land for taxes due for one year does not discharge those levied and delinquent for previous years.

3. **Tax Sale: RETURN OF TREASURER: PRIVATE SALE.** A private sale of real estate for taxes is invalid where the treasurer has failed to make return to the county clerk of the public sale required by statute.

4. **Void Tax Sale: RIGHTS OF PURCHASER: SUBROGATION.** Where a tax sale is invalid, the purchaser is subrogated to the rights of the public to the lien for the taxes and for all legal prior and subsequent taxes levied against the property, by him paid, with interest at the same rate which the taxes were drawing when paid.

5. **Taxes: FRAUDULENT LEVY: EVIDENCE.** Evidence examined, and *held* insufficient to establish that the levy of county taxes for 1892 was fraudulent and excessive.

6. ———: ———: **REMEDY.** Where a taxpayer is dissatisfied with the assessment of his property, he should apply to the board of equalization for relief.

7. **Pleading: NEW MATTER.** New matter relied upon as constituting an affirmative defense to a cause of action must be pleaded in the answer.

8. ———: ———: **TAXES: FORECLOSURE OF LIEN.** In a suit to foreclose a tax lien the defense that the levy for county purpose exceeded the constitutional limit is not available, unless raised by suitable averments in the answer.

9. **Metropolitan Cities: LEVY OF SPECIAL TAXES.** A city council of a metropolitan city cannot lawfully pass an ordinance levying special taxes until, as a board of equalization, it has determined the sum to be assessed against the real estate as benefits.

Medland v. Connell.

10. ———: EQUALIZATION OF TAXES: NOTICE. Notice of the sitting of the city council as a board of equalization, under sections 73 and 85, chapter 12a, Compiled Statutes 1887, "for at least six days prior thereto" by publication in the official paper, is a prerequisite to legal action.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Reversed.*

*Henry W. Pennock,* for appellant.

*D. D. Gregory* and *Connell & Ives, contra.*

NORVAL, J.

This suit was to foreclose two certificates of tax sales, one on the east half of lot 6, in Griffin & Smith's Addition to the city of Omaha, and the other covering the west half of the same lot. Plaintiff purchased the property at private sale on February 1, 1894, for taxes levied by the city of Omaha for the year 1890. He has paid prior and subsequent taxes and special assessments, and for the several amounts so paid he seeks to enforce a lien. The decree was for the defendants, and the plaintiff appeals.

There were such irregularities in the proceedings leading up to the tax sales as to render them invalid for two reasons: The city taxes for 1889 were at the time delinquent, and the same were not included in the sales, nor were they paid by the purchaser until some time thereafter. (*State v. Helmer,* 10 Neb. 25; *Tillotson v. Small,* 13 Neb. 202; *O'Donohue v. Hendrix,* 13 Neb. 257; *McGavock, v. Pollack,* 13 Neb. 535; *Adams v. Osgood,* 42 Neb. 451.) Again, it does not appear that the county treasurer of Douglas county made return to the county clerk of the public sale of lands in his county for taxes as required by section 113, article 1, chapter 77, Compiled Statutes. (*State v. Helm,* 10 Neb. 25; *Ludden v. Hansen,* 17 Neb. 354; *Adams v. Osgood,* 42 Neb. 450; *Johnson v. Finley,* 54 Neb. 733.) Notwithstanding the sales were invalid, the taxes for the non-payment of which plaintiff purchased

the lot being valid, he is subrogated to the rights of the public and is entitled to a lien for the amount of his bid, with interest thereon at the same rate the taxes bore when paid. (*Pettit v. Black*, 8 Neb. 52; *Adams v. Osgood*, 42 Neb. 450; *Weston v. Meyers*, 45 Neb. 95; *Johnson v. Finley*, 54 Neb. 733.)

Another argument is that the sale of the lot by the county treasurer for the taxes due thereon for the year 1890 alone discharged the prior delinquent taxes against the property for 1889, which were not included in the sale. This court has decided the question the other way, holding that when a tax sale is invalid the purchaser is entitled to a lien against the real estate, not only for the taxes for which the property was sold, but for all prior and subsequent taxes existing against the real estate paid by him, with interest at the same rate the taxes drew after becoming delinquent. (*Adams v. Osgood*, *supra; Stegeman v. Faulkner*, 42 Neb. 53; *Roads v. Estabrook*, 35 Neb. 297.) There is no room to doubt the soundness of the proposition last above stated when section 116, article 1, chapter 77, Compiled Statutes, is considered. This section declares: "The purchaser acquires a perpetual lien of the tax on the land, and if after the taxes become delinquent he subsequently pays any taxes levied on the same, whether levied for any year or years previous or subsequent to such sale, he shall have the same lien for them, and may add them to the amount paid by him in the purchase, and the treasurer shall make out a tax receipt and duplicate for the taxes," etc. The language is clear and explicit, and creates a lien for prior and subsequent legal taxes paid by the purchaser. Plaintiff paid the county tax assessed against the lot for the year 1892, which the defendants insist was void, upon the grounds: (1.) The levy was made on a fraudulent and excessive valuation. (2.) The tax was paid while a suit was pending against Douglas county to restrain the collection thereof. (3.) The aggregate amount of the county levy for the year 1892 exceeded the constitutional

Medland v. Connell.

limit. These objections will receive attention in the order just stated.

The proofs fail to sustain the charge of fraudulent levy. It does appear that the property was valued for assessment in the year 1892 at $5,400, and that during the five preceding and two subsequent years the lot was assessed at no time at a valuation exceeding $2,275; but this was insufficient to defeat the levy for 1892, although there had been no increase in the value of the lot. Moreover, if the assessment was too high, defendants should have applied to the board of equalization for relief.

There are two ready answers to the contention that the county taxes of 1892 were paid in violation of injunction or restraining order. In the first place no such issue was tendered by the answers of the defendants. That was new matter of defense for them to allege and prove. (*St. Felix v. Green*, 34 Neb. 800; *Gran v. Houston*, 45 Neb. 813; *Home Fire Ins. Co. v. Berg*, 46 Neb. 600; *Sharpless v. Giffen*, 47 Neb. 146.) Again, plaintiff was not a party to the injunction suit instituted by Connell, to have said tax declared invalid, and it does not even appear that the county treasurer was restrained from receiving the amount of said tax.

The objection that the county levy for 1892 was unconstitutional and void is without merit. True the aggregate amount of tax imposed that year by Douglas county for all county purposes was sixteen and seven-tenths mills on the dollar valuation, while section 5, article 9, of the constitution declares that "County authorities shall never assess taxes the aggregate of which shall exceed one and a half dollars per one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county," yet this court would not be justified in deciding that the levy in question exceeded the constitutional limit, since that issue was not raised or tendered by the pleadings. The de-

fendants should have pleaded that defense in the answer, and having failed to do so, they cannot urge it for the first time in this court. A levy for county purposes of taxes exceeding fifteen mills on the dollar valuation for any one year is not necessarily unconstitutional. It may exceed that sum to meet an indebtedness existing at the adoption of the constitution, or when the levy is sanctioned by a vote of the people of the county. Whether the levy was beyond the power conferred by the constitution should have been presented to the trial court by suitable averments in the answer to make the question available here. The validity of the levy of 1892 was in no form challenged in the answer.

It appears with sufficient clearness that plaintiff paid subsequent to the tax sales a special grading tax assessed against the real estate by the city of Omaha for grading Thirty-sixth street from Leavenworth street to Park street, amounting to $250.80, and also paid a special assessment of $9.27 levied by the municipality upon a portion of said lot 6 for damages sustained by reason of the grading of Thirty-sixth street. Both of these special assessments were void, because the city council of the city of Omaha only gave five days' notice of its sitting as a board of equalization, while the statute required that notice of the meeting should be given for at least six days prior thereto. (Compiled Statutes 1887, ch. 12a, secs. 73, 85; *Leavitt v. Bell*, 55 Neb. 57.) The authorities of a city of the metropolitan class possess no power to levy a special tax for street improvement until, as a board of equalization, it has determined the amount to be assessed against the real estate as benefits. Counsel for plaintiff concede the invalidity of these special taxes. The decree is reversed and the cause is remanded to the district court with directions to render a decree for the plaintiff for the amount of all taxes paid by him on the real estate and interest, excepting the special taxes aforesaid.

REVERSED AND REMANDED.