## OBETS v. MANEY.

(Court of Civil Appeals of Texas. San Antonio. April 3, 1912.)

1. BROKERS (§ 86*)—COMPENSATION—PROCURING CAUSE—EVIDENCE.

In an action by a broker for an agreed commission on a land sale, evidence *held* to show that the plaintiff was not the efficient or procuring cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

2. BROKERS (§ 82*)—COMPENSATION—ACTION FOR COMMISSION—EVIDENCE—ADMISSIBILITY UNDER GENERAL ISSUE.

Where, in an action for a commission for a sale of land, plaintiff testified that he had spoken to the purchaser about the land and advised him to buy it, and the purchaser, who was the brother of the broker, testified that it was his knowledge of the place and the plaintiff's arguments that induced him to purchase it, evidence of the defendant that he and another person in whose hands the land was also placed for sale had also spoken to the purchaser and recommended its purchase was matter in rebuttal rather than affirmative matter of defense or matter in confession and avoidance, and was properly admitted under the general issue.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

Appeal from Frio County Court; S. T. Dowe, Judge.

Action by Charlie Obets against Earnest Maney. From a judgment for defendant, plaintiff appeals. Affirmed.

Matt Cramer, of Pearsall, for appellant.

MOURSUND, J. Appellant, who was plaintiff below, sued appellee for $280, alleging that some time in the fall of 1910 he and defendant entered into a verbal contract, by which he was employed by the defendant to procure a purchaser for certain land and personal property belonging to defendant and was to receive five per cent. commission on the sale price, which was to be fixed by defendant and the purchaser. Plaintiff further alleged that he accepted the agency and tried to sell the property; that, among others, he approached his brother August Obets three or four times in the fall of 1910 and the spring of 1911 in regard to buying the property, endeavoring to convince him it was a desirable proposition; and that on or about March 6, 1911, August Obets bought the property for $5,600 cash, and that he was caused to do so by the efforts of plaintiff, who was for that reason entitled to the commission, amounting to $280. This defendant answered by general and special exception and a general denial. The case was tried without a jury, and judgment rendered that plaintiff take nothing by his suit and pay all costs, from which judgment plaintiff has appealed to this court. No request was made for findings of fact and conclusions of law, and none were filed.

The first three assignments of error present the question that the judgment was contrary to the evidence. The property, which sold for the lump sum of $6,500, consisted of certain land and personal property. The value of the land alone was not shown. The parties agree regarding the terms of the verbal contract between them, except that defendant denies that he authorized plaintiff to sell anything except the land. They agree that defendant reserved the right to sell the property himself. It appears from plaintiff's testimony that the first time he spoke to the purchaser about defendant's land was upon an occasion when they were in a buggy and the purchaser at that time informed plaintiff that he and the defendant were then on a deal for the defendant's place. It appears that plaintiff talked to the purchaser, who was his brother, several times, and advised the purchase of defendant's place, and made arguments showing why it was advisable for him to make the purchase. The dates of these conversations are not given, nor their approximate time with reference to the time the deal was closed. On the morning of the day the deal was closed, which was about March 6, 1911, the purchaser met plaintiff, and informed plaintiff that he and defendant were on a trade for the property; that there was a difference of $200 or $300 between them, but that he was going to close the deal, and would not let such a small sum break up the trade as it was too good a bargain to miss. Plaintiff advised him to make the purchase, and then told him for the first time that he was defendant's agent. The trade was completed that day between purchaser and defendant, and some time afterwards plaintiff claimed his commission. Plaintiff testified that defendant asked him to try to sell to August Obets at the time the contract was made in regard to the sale of the land. Defendant testified that plaintiff said nothing about August Obets, and that he did not know at the time of the sale that plaintiff had ever talked to the purchaser about buying the land, or that he had anything to do with procuring him to purchase.

[1] It appears from the evidence of all parties that August Obets, the purchaser, was thoroughly familiar with the land, which adjoined him, and most of which had been bought from him by defendant. Defendant testified to having various conversations with the purchaser about buying the place, but that they did not get down to business until a short time before they traded; also, that he talked to the purchaser's wife in his presence about her husband buying the place, and she said it was a desirable property, and she hoped her husband would buy it. It was also proved that H. E. Johnson was an agent for defendant to sell the land, and that shortly before the sale he urged August Obets to buy the place from defendant. The purchaser testified that it was the arguments plaintiff made to him and what he already

knew about the property that caused him to buy it when he did.

Was plaintiff the efficient cause of the sale? Or, as the rule has sometimes been stated, was he the procuring cause? Was the purchaser found through his instrumentality? His own evidence shows that the purchaser on the first occasion, when they discussed the matter, told him that he and the seller were then on a deal for the place. He afterwards talked to the buyer several times, but never took enough interest in the matter to even acquaint his principal with the fact that he was trying to get August Obets to buy the land. After the buyer told him that they were about to close a trade, and that he would not let the $200 or $300 difference stand in the way, then plaintiff advised him to go ahead, and told him that he, plaintiff, would get a commission out of it. Even then he did not inform the seller that he had done anything in regard to selling the land to August Obets, but some time afterwards claimed his commission. It is undisputed that the seller spoke to the buyer first, that he spoke to him several times afterwards, and that he in the fall of 1910 talked to the purchaser in the presence of the latter's wife, who said it was desirable property and she hoped her husband would buy it. Regardless of the evidence of Johnson, who also put some arguments to the purchaser in favor of his buying the land, it appears to us that the seller himself was more active and efficient in the matter than plaintiff. It is true that the buyer testifies he was induced to purchase by plaintiff's arguments and by what he knew of the land. It is also true that plaintiff and his brother testify to some good arguments made by plaintiff, but the evidence does not show any direct result of such arguments, and does show that the defendant first interested the buyer because the latter stated to plaintiff on the first occasion that he and defendant were then on a deal. They could not be on a deal for the land unless he was then contemplating the purchase favorably. Aside from the purchaser's testimony that his brother's arguments influenced him, there is not a fact or circumstance proven which shows that the purchase was procured to be made by plaintiff. The actual closing of the trade cannot be attributed to his last conversation, because at the time the purchaser announced to him that he was going to close the trade, and then plaintiff advised him to do so. The other conversations do not appear to have had any immediate or direct result, and we think the court was authorized by the evidence to find that the seller himself, having started the negotiations, did as much, if not more than plaintiff, to effect the sale. Not having the exclusive right to sell, it would naturally be expected that the agent would press the matter with some degree of diligence, but in fact he did very little towards making the sale. We think the court was warranted in concluding that plaintiff was not the efficient or procuring cause of the sale, and that the evidence sustains the judgment. The assignments mentioned are therefore overruled.

[2] Appellant's remaining assignments question the admissibility of the evidence showing that the witness Johnson had spoken to August Obets about buying the land, and recommended its purchase, and the testimony that August Obets' wife had talked to him about buying the land and advised him to buy it. Appellant contends that, as plaintiff pleaded only a general denial, this evidence was not admissible, because it was an affirmative matter of defense, and not in rebuttal of plaintiff's evidence. We cannot agree with this contention. Plaintiff pleaded that through his solicitations and arguments the purchaser was induced and procured to purchase. By himself and the purchaser he sought to prove this allegation, and went into detail in regard to what he had done and said with reference to the matter. He elicited from the purchaser, who was his brother, the evidence that it was the arguments of plaintiff and what he already knew about the property that caused him to buy. It was essential for plaintiff to prove that he was the procuring cause of the sale being effected, as defendant himself made the sale. Defendant under a general denial was authorized to adduce all testimony which would disprove or rebut that a prima facie case in plaintiff's favor ever existed. Townes' Texas Pleading, p. 366. He could introduce any evidence tending to show that plaintiff was not the procuring cause of the sale being made. The case is not one where plaintiff has proved that he has done all that is required of him, and defendant seeks to avoid liability by showing that a sale had been made to other parties before the sale by plaintiff. This is a case where plaintiff's case depends upon the proof of his allegations to the effect that he was the procuring cause of the sale being made, and the evidence objected to tended to show that he was not the procuring cause, and was in rebuttal. It was not an affirmative matter of defense, nor matter in confession and avoidance, but directly to the issue of whether plaintiff was the procuring cause of the sale, and, besides, had an important bearing upon the weight to be given to the testimony of the purchaser to the effect that plaintiff's arguments and what he knew of the land caused him purchase the same. We do not think the case of Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058, sustains appellant's contention. We do not concur with the opinion in the case of St. Felix v. Green, 34 Neb. 800, 52 N. W. 821, in so far as it sustains the exclusion of the evidence therein offered, on the ground that it was affirmative matter of defense.

We find no error in the record, and the judgment is affirmed.