### McELROY v. DOBBS. (No. 8503.)

(Court of Civil Appeals of Texas. Dallas. March 12, 1921. Rehearing Denied April 9, 1921.)

1. Brokers ⊜88(7)—Owner held entitled to instruction submitting issue of exchange through own efforts.

In an action for commission on procuring an exchange of lands, held, in view of the evidence, that the court should have given at defendant owner's request a special instruction presenting the issue whether the land was exchanged by defendant owner through his own efforts.

2. Trial ⊜203(3) — Litigant entitled to have cause of action or defense presented to jury on request.

A litigant, where he properly requests it, is entitled to have the facts clearly and affirmatively presented to the jury, and when a defendant presents a special charge grouping certain facts which the jury may find from the evidence, the legal effect of which is to acquit him of liability, the court commits reversible error in refusing to give such instruction; the general charge containing nothing specifically to indicate such defense.

3. Brokers ⊜88(7)—General denial held to sustain submission of special charge as to owner effecting a general exchange himself.

In an action for procuring an exchange of lands, a petition that broker made a contract with defendant owner to procure a purchaser and procured one, answered by general denial, was sufficient basis to invoke submission of a special charge presenting defendant owner's theory that he effected an exchange of the land himself.

4. Brokers ⊜53—Broker to recover commission must show he brought buyer and seller together.

Before a broker is entitled to recover commission for effecting a sale, he must show that the buyer was procured as the proximate result of his efforts, not necessarily that he dealt directly with the purchaser, but that he set in motion the chain of events which brought buyer and seller together.

5. Brokers ⊜46—Broker not entitled to commission on exchange effected without his efforts.

Where defendant owner, who employed a broker to effect an exchange or sale, reserving the right to make sale or exchange himself, tried to trade with a third person before the broker showed the purchaser the place, and such third person promised to send the owner a purchaser before the broker had mentioned the sale or exchange to him, and did talk with the ultimate purchaser, as a result of which such purchaser sought out the owner and traded with him, the broker was not entitled to commission as having effected an exchange.

6. Appeal and error ⊜882(14) — Defendant appellant cannot concede case involved issue of fact, and then take inconsistent position.

Defendant appellant cannot concede both in the trial court and by his assignments of error in the Court of Civil Appeals that the case involved an issue of fact for the jury, and then inconsistently call on the court to look through the record to discover that his position is not correct, and that the jury should have been instructed peremptorily to find for him.

Appeal from Ellis County Court; F. L. Wilson, Judge.

Action by T. M. Dobbs against S. B. McElroy. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Supple & Harding, of Waxahachie, for appellant.

Farrar & Kemble, of Waxahachie, for appellee.

HAMILTON, J. This was an action to recover a broker's commission for procuring and effecting the exchange of farm land. Suit was brought by appellee, a real estate agent, upon an express contract between him and appellant by the terms of which, it was alleged, the latter was to pay a commission of 5 per cent. upon the amount of the sale of the land, if it were sold through appellee's efforts, and 2½ per cent. of the value of the land was to be paid as commission if an exchange of the land should be made to "some person who had been procured by or through the efforts or instrumentality of the plaintiff." It was also expressly agreed that appellee should not have an exclusive agency and should receive no commission unless he himself procured the purchaser. Appellant reserved the right to make the sale himself, and it was expressly understood between him and appellee that, if appellant did make the sale, no commission would be paid.

After this contract was made appellant undertook to negotiate an exchange of property with one John Ferguson. For the purpose of trading, he went to see Ferguson, who lived at Hillsboro, Tex., and, after a discussion of propositions and counter propositions, the negotiations were ended without a trade having been made. On that occasion appellant told Ferguson that, if he would find a buyer for appellant's land, he (appellant) would pay him a commission. Ferguson agreed to try to help find a purchaser for the land, and stated that, if he could find one, he would charge nothing except for his time and gasoline to operate his automobile.

A month or two subsequent to the time of these negotiations with Ferguson appellee saw Ferguson in the town of Milford, Ellis county, Tex., near which place the land was situated, and invited Ferguson to go with him to look at the land with a view to trading for it. Appellee did not disclose to Ferguson that the land which he was going to inspect was the identical land appellant had theretofore tried to sell or trade to Ferguson. After they had arrived at the farm, and while Ferguson was going over it, he recognized it as appellant's farm, and asked Dobbs if it was not, to which the latter answered that it was. Ferguson, after looking at the farm, recognized it, it seems, from the description of it appellant had given him when they were trying to bargain with one another over it a month or two previous to this occasion.

Ferguson testified that Dobbs had several times made him a general offer to pay him for finding a purchaser of anything Dobbs had listed for sale.

Several months subsequent to all the above-named events W. N. Wimbish, who lived in Navarro county, was told by his brother-in-law, E. A. Dickson, about appellant's place being for sale or trade. Wimbish had a farm in Navarro county which he desired to trade for another of the kind appellant's was. Dickson, knowing Wimbish's desire, learned from Ferguson about appellant's farm and brought Ferguson and Wimbish together in Hubbard, Hill county, Tex., on the same day that Dickson told Wimbish about appellant's farm. Wimbish then obtained a description of the farm from Ferguson. In the course of the conversation between Ferguson and Wimbish, Ferguson told him that appellant's farm was listed with appellee for sale or exchange, but that appellant had reserved the right to sell or exchange it himself. Wimbish stated that he would not deal with a real estate agent at all. A few days after this Wimbish inspected appellant's farm and also went to see appellant for the purpose of trading. The next day appellant went to Wimbish's place in Navarro county, where the latter was living and there a trade was closed, whereby an exchange of farms between the parties was made. Later appellee learned about the trade and its terms and demanded a commission. Appellant refused to pay it, whereupon appellee filed this suit, which was tried before the court and a jury, resulting in a verdict and judgment for appellee, from which appellant has appealed.

Appellant's first assignment of error is as follows:

"The court erred in refusing to give the third special instruction of the defendant, wherein the issue was presented asking the jury to find for the defendant if they believed the land was sold by defendant to Wimbish through the efforts of the defendant, in describing and pricing the land to Ferguson and enlisting him to send a purchaser, prior to the time that plaintiff showed the land to Ferguson, and that defendant had the right to sell the land himself, and that Ferguson did send him a purchaser who bought the land."

[1-3] We find in appellant's brief facts there assembled from the record and others there referred to, as contained in the record, which we think abundantly required that the charge should have been given. By the general charge and by special charges, unduly emphasizing appellee's theory, his contentions are presented to the jury, while nowhere in the general charge or in any special charge given is appellant's theory of the case laid before the jury. It is uniformly held that a litigant, where he properly requests it, is entitled to have the facts upon which he bases his cause of action or defense clearly and affirmatively presented to the

jury, and when a defendant presents a special charge, grouping certain facts which the jury may find from the evidence, the legal effect of which is to acquit him of liability, then the court commits reversible error in refusing to give such instruction; the general charge containing nothing specifically to indicate such defense. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Southern Const. Co. v. Hinkle, 89 S. W. 309. Appellee combats the assignment of error under the view that there was no pleading upon which to invoke the submission of such special charge. This view is not correct. Appellee alleged that he made a certain contract with appellant to procure a purchaser, and that he procured a purchaser and thereby earned his fee. Appellant answered by general denial. This answer was sufficient to put in issue every fact necessary to sustain or defeat the cause of action. There was nothing in the petition calling for any special pleading by defendant, and the general denial met every feature of the case alleged and served to admit the evidence as a defense. All evidence to disprove or rebut a prima facie case was admissible under the answer by general denial. Towne's Texas Pleading, 532.

[4, 5] There was evidence to the effect that appellant reserved the right to make sale or exchange of the land independent of appellee when it was listed with him; that appellant tried to trade with Ferguson before appellee showed Ferguson the place; that Ferguson promised to send appellant a purchaser before appellee had mentioned the sale or exchange of the land to Ferguson; that Ferguson, independent of appellee, talked with Wimbish some months after he had gone with appellee to look at the place and that Wimbish following the conversation with Ferguson sought out appellant and traded with him. The evidence also established that Wimbish was first interested in the place by Dickson, who had learned of it through Ferguson. As hereinabove said, this evidence abundantly warranted the giving of such charge as the first assignment of error shows was requested. And, if these facts were established by the uncontroverted evidence, then we are unable to see how, under these conditions, there could be any liability on appellant's part to appellee. The circumstances and facts reflected by this evidence interweave into the case too many possible influences in action to permit the conclusion (if this evidence is uncontroverted) that appellee was the procuring cause. Before a broker is entitled to recover a commission, he must show that the buyer was procured as the proximate result of his efforts; not necessarily that he dealt directly with the purchaser, but that he himself set in motion the chain of events which themselves brought the buyer and seller together, rather than that he remotely and indirectly contributed incidentally to giving some other person information which that person first imparted to the buyer, his kinsman, and himself turned the latter in the direction of the seller, with whom he came in contact and traded.

"It is not sufficient that the customer was merely influenced to some extent by the broker in entering into the transaction, or that the broker had some negotiations with the customer in reference to the transaction, or that he merely called a prospective purchaser's attention to the property. The facts that a person with whom the broker unsuccessfully negotiated for a sale called the attention of another party to the property, and that the other finally bought it, do not give the broker a right to a commission." 9 C. J., 615; Obets v. Maney, 146 S. W. 351.

[6] Conceding, as argued by appellant in this court, that the evidence above referred to was without contradiction, then it was incumbent upon him to ask that a peremptory instruction be given the jury to find for him, and, if refused, to make such ruling the basis of an assignment of error. This he did not do. On the contrary, by the assignments of error throughout the brief he concedes that the evidence makes an issue to be submitted to the jury. This being so, we will not consider his request here made that we reverse the trial court's judgment and render judgment for appellant. He cannot concede both in the court below and by his assignments of error in this court that the case involved an issue of fact for the jury to decide, and then, inconsistent with such attitude, call upon this court to look through the record to discover that his position is not correct, and render judgment for him.

For the error indicated, the judgment of the lower court is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee's motion for rehearing calls attention to an erroneous statement in our opinion to the effect that, after appellant had listed his land with appellee, he went to Hillsboro to see John Ferguson for the purpose of negotiating a trade with Ferguson, and that he and Ferguson there, after some negotiations, failed to trade, but that on that occasion Ferguson promised to try to help find a purchaser for the farm, saying he would make no charges except for his time and gasoline to operate his automobile. Further close examination of the evidence reveals that the discussion of trade between McElroy and Ferguson took place at Milford, where McElroy lived at the time, and not at Hillsboro. McElroy seems to have gone to Hillsboro and talked with Ferguson after Dobbs had showed the place to the latter. But the discrepancy pointed out does not

affect the fact that McElroy had already called Ferguson's attention to the farm before Dobbs mentioned it to Ferguson, so that Ferguson recognized it when he went with Dobbs to see it. Acceding to the correction pointed out by appellee's able counsel, the fact remains that the evidence, as a whole, presented on the trial in appellant's behalf, required the giving of the special charge, the refusing to give which appellant's third assignment of error complains about, especially since the general charge did not present the issue.

Other parts of the motion for rehearing have been examined and considered, and the motion is overruled.