## STARNES v. PASCHALL. (No. 8665.)

(Court of Civil Appeals of Texas. Dallas. April 15, 1922.)

Brokers ☞53—Not entitled to commission where not the procuring cause of the sale.

Where owner had offered a piece of land for sale, and purchaser had learned of it, and had decided to purchase it if he could secure the cash, and, probably on broker's suggestion, purchaser secured the cash, and then broker interviewed owner and secured the listing of the lot, the broker was not entitled to a commission as he was not the efficient procuring agency which brought the minds of the parties together.

Appeal from Dallas County Court, at Law; T. A. Work, Judge.

Action by E. D. Paschall against C. L. Starnes. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Claude M. McCallum, of Dallas, for appellant.

Scott & Fagan, of Dallas, for appellee.

HAMILTON, J. This was an action by appellee, a real estate broker, to recover from appellant a commission for the sale of a tract of land. The issue was joined upon the pleadings of the parties, and the case was tried before the court and a jury. A verdict was returned for appellee, and, upon the findings of the jury, judgment was entered, decreeing recovery in favor of appellee in the amount for which he sued. At the conclusion of the evidence appellant requested the court to instruct a verdict in his favor.

This appeal presents for our consideration the question of whether or not the peremptory instruction should have been given. We are of the opinion that the court erred in declining to instruct the jury as requested by appellant, for the reason that there is no substantial evidence in the record to sustain the verdict and judgment.

The evidence shows without dispute that before appellee had listed the land for sale, and before he knew it was for sale, appellant had offered it for sale at the precise price for which it was purchased by the purchaser, to whom appellee claims he made the sale. The record discloses without any dispute that appellant had made a proposition of sale to a man by the name of Tribble, who had submitted the terms of the sale to J. W. Mathis, who purchased it, and that Mathis had already determined to buy the place upon those terms before appellee knew it was for sale, and that the only reason he had not already concluded the trade was that he had not been able to obtain the money to make the cash payment.

Before appellee ever spoke to appellant about the sale of the place, Mathis, in the presence of appellee, had a conversation with a banker, who agreed, probably upon the suggestion of appellee, to loan Mathis the money necessary to make the cash payment. The agreement between the banker and Mathis, made at that time, was that the loan was to be effected for the specific purpose of making the cash payment on the land. This event occurred on Monday morning. In the evening of the same day appellee called at the home of appellant, and discussed with him the matter of making the sale. Nothing was done by appellee to induce Mathis to purchase. In fact, nothing was required to induce him to purchase, because he had already passed the stage of considering whether or not he would purchase, and had already made up his mind to purchase. The only obstruction to a conclusion of the sale when appellee first learned that the land was for sale was Mathis' opinion that he could not make the cash payment. That obstruction was eliminated on the morning of the day he had the conversation with the banker, who agreed to make the loan in appellee's presence, which, as above stated, was before appellee had even so much as spoken to appellant with regard to selling the place.

Mathis testified that Paschall never did speak to him about selling the place, and never did at any time tell him the place was

for sale before the purchase was made. Tribble was Mathis' brother-in-law, and, according to Mathis' testimony, as well as that of appellant, the preliminary discussion of the sale was carried on between appellant and Tribble.

On the Monday morning when the banker agreed to make Mathis the loan appellee called the banker to where he and Mathis were in conversation from the opposite side of the street, repeated to the banker the statement Mathis had made to him with reference to borrowing money to make the cash payment, and requested that the loan with which to make the cash payment be advanced to Mathis by the bank, to which request the banker then and there made accession. Nothing further was done by appellee in relation to the sale from that time until it was finally made.

Such being the uncontroverted facts, it is plain that appellee rendered no service and did no act to constitute him the efficient, procuring agency through which the minds of the parties were brought together and the deal concluded. It is well settled that a broker had no right to a commission for the sale of land, in the absence of a showing that the buyer was procured as the proximate result of his efforts. He cannot assert a claim to a commission merely because he, by chance and without employment by the seller, casually participates in the undertaking, and it appears that his participation has nothing to do with the meeting of the minds of the respective parties upon the subject-matter of the contract. McElroy v. Dobbs (Tex. Civ. App.) 229 S. W. 674.

Because of the error in refusing to submit the peremptory instruction, the judgment of the court below is reversed, and judgment is rendered for appellant.

Reversed and rendered.